State v. Weaver.

STATE *v.* R. W. WEAVER.[1]

*(Knoxville.*    September Term, 1909.)

1. **REGISTRATION LAWS.** Prescribe no qualification of voters, but are to determine who possess the voting qualifications.

   The registration laws, authorized by the constitution (art. 4, sec. 1), empowering the legislature to enact laws to secure the freedom of elections and the purity of the ballot box, prescribe no qualifications of electors, but regulate the exercise of the elective franchise, and prescribe a mode of ascertaining and determining whether or not a man possesses the necessary qualifications of a voter, and serve to identify those registered as qualified to vote. (*Post, pp.* 200-204.)

   Acts cited and construed: Acts 1890 (ex. ses.), ch. 25; Acts 1891, ch. 224; Acts 1891 (ex. ses.), ch. 12.

   Constitution cited and construed: Art. 4, sec. 1.

   Cases cited and approved: Moore v. Sharp, 98 Tenn., 498; Madison v. Wade, 88 Ga., 699; People v. Hoffman, 116 Ill., 611; State v. Butts, 31 Kan., 550.

2. **SAME.** Apply to all elections and all voters in counties and districts falling within their provisions.

   The registration laws apply to all elections in the counties and civil districts falling within their provisions, and to all voters, whether property holders or residents, voting in the elections, and hence apply to municipal elections in the town of Lonsdale in Knox county, because said county has a population of over 50,000, though the town charter (Acts 1907, ch. 305) merely defines the qualification of voters in the municipal elections, and does not provide for registration. (*Post, pp.* 204-206.)

   Code cited and construed: Secs. 1189, 1198, 1199 (S.).

   Acts cited and construed: Acts 1907, ch. 305.

---

[1] As to validity of registration laws, see note to State, ex rel. Allison, v. Blake (N. J.), 25 L. R. A., 480.

State v. Weaver.

3. **SAME.** Voter otherwise qualified to vote, but voting without registration, is guilty of a misdemeanor.

The registration laws make registration a prerequisite to voting in all elections held in counties and districts falling within their provisions, and prohibit voters from voting without the required lawful registration, and a landowner thus qualified to vote, but voting in a municipal election without such registration, is guilty of a misdemeanor. (*Post, p.* 206.)

Code cited and construed: Sec. 6437 (S.); sec. 5347 (M. & V.); sec. 4596 (T. & S. and 1858).

4. **SAME.** Voters must register in the civil district, ward, or precinct where they propose to vote.

The registration laws require voters to register in the civil district, ward, or voting precinct where he proposes or offers to vote, as a prerequisite to his right to vote therein. This clearly appears from a consideration of all the provisions of the statutes, and such has been their practical construction. (*Post, pp.* 206, 207.)

Code cited and construed: Sec. 1217 (S.).

Case cited and approved: State v. Butts, 31 Kan., 550.

---

FROM KNOX.

---

Appeal in error from the Criminal Court of Knox County. T. A. R. NELSON, Judge.

W. W. FAW, Assistant Attorney-General, for State.

R. A. BROWN, for defendant.

MR. JUSTICE SHIELDS delivered the opinion of the Court.

---

The defendant was indicted in the criminal court of Knox county for knowingly voting, as the owner of real estate situated in the town of Lonsdale, Knox county, in a municipal election held in that town, without first having there registered twenty days or more before the election, as provided by chapter 25, p. 59, Acts Ex. Sess. 1890, chapter 224, p. 438, Acts 1891, and chapter 12, p. 30 Acts Ex. Sess. 1891.

A motion was made to quash the indictment, upon the grounds that it was not a misdemeanor to vote illegally in a municipal election, and that registration was not required of owners of real estate in Lonsdale in municipal elections there held. The trial judge overruled the first ground of the motion, and sustained the latter, and quashed the indictment. The State and the defendant both prosecuted appeals in the nature of writ of error, and have assigned the action of the trial judge adverse to them, respectively, as error.

We think the first ground of the motion was properly overruled, and the second erroneously sustained.

The contention of the defendant is predicated upon the provision of the charter of Lonsdale (chapter 305, p. 1048, Acts 1907) defining the qualifications of voters in elections to be held in the municipality for the election of municipal officers, which is in these words:

"The votes shall be by ballot, all persons owning real

estate within said corporation, all persons living therein and who have been residents thereof for six months previous to said election and who are entitled to vote for members of the general assembly shall be entitled to vote in said election."

The qualification here prescribed applies to all voters, whether they be owners of real estate in the municipality or residents therein.

To be entitled to vote for members of the general assembly, under the constitution, the voter must be a male person who is twenty-one years old, a citizen of the United States, and a resident of the State for twelve months and of the county six months; and the only other qualification which can be prescribed is the payment of poll taxes and the production of satisfactory evidence of such payment for such preceding period as the legislature shall prescribe and at such time as may be prescribed by law. Const., art. 4, section 1.

These are all the qualifications required of those authorized to vote in elections held in the municipality.

The registration laws of the State do not prescribe qualifications of electors, but were enacted for the purpose of regulating the exercise of the elective franchise, and are authorized by the concluding clause of section 1, art. 4, of the constitution, ordaining that the general assembly shall have power to enact laws to secure the freedom of elections and the purity of the ballot box.

In *Madison* v. *Wade*, 88 Ga., 699, 16 S. E., 21, it is held that registration adds no qualification to voters,

but merely serves to identify them as a person qualified to vote. In *People* v. *Hoffman,* 116 Ill., 611, 5 N. E., 596, 8 N. E., 788, 56 Am. Rep., 793, it is said that a registry law is merely a mode of ascertaining and determining whether or not a man possesses the necessary qualifications of a voter. In *State* v. *Butts,* 31 Kan., 550, 2 Pac., 618, 619, Judge Brewer, now Mr. Justice Brewer of the supreme court of the United States, speaking for the court, said:

"It is evident that a proper enforcement of this statute, in securing ten days before every election a full registry of all persons entitled to vote, furnishes a very efficient check against fraudulent voting. At any election in which much interest is felt, and where the opposing parties are supposed to be nearly equal in numbers, most careful scrutiny will be made of these registry lists, every voter's name and residence taken, and his right to vote verified by examination. The matter will not be left to the pressure and excitement of election day, but will all be ascertained and determined prior thereto. The value of such a registry for the preservation of the purity of the ballot box cannot be too highly estimated. . . . Obviously, what was contemplated was the ascertaining beforehand, by proper proof, of the persons who should on the day of election be entitled to vote; and any reasonable provision for making such ascertainment must be upheld. Requiring a party to be registered is not in any true sense imposing an additional qualification, any more

than requiring a voter to go to a specific place for the purpose of voting, or requiring him to prove by his own oath or the oaths of other parties his right to vote when challenged, or than requiring a naturalized foreigner to present his naturalization papers.    Each and all of these are simply matters of proof, steps to be taken in order to ascertain who are and who are not entitled to vote."

Judge Cooley, in his work on Constitutional Limitations (page 601), said:

"In some of the States it has also been regarded as important that lists of voters should be prepared before the day of election, in which should be registered the names of every person entitled to vote.    Under such a registration the officers whose duty it is to administer the election laws are enabled to proceed with more deliberation in the discharge of their duties, and to avoid the haste and confusion that must attend the determination upon election day of the various and sometimes difficult questions concerning the right of individuals to exercise this important franchise.    Electors, also, by means of this registry, are notified in advance of the persons claiming the right to vote, and are enabled to make the necessary examination to determine whether the claim is well founded, and to exercise the right of challenge if satisfied any person registered is unqualified.    When the constitution has established no such rule, and is entirely silent on the subject, it has sometimes been claimed that the statute

requiring voters to be registered before the day of election and excluding from the right all whose names do not appear upon the list was unconstitutional and void, as adding another test to the qualifications of electors which the constitution has prescribed, and as having the effect, where the electors are not registered, to exclude from voting persons who have an absolute right to that franchise by the fundamental law. This position, however, has not been accepted as sound by the courts. The provision for a registry deprives no one of his right, but is only a reasonable regulation under which the right may be exercised. Such regulations must always have been within the power of the legislature unless forbidden."

This was quoted by this court with approval in the case of *Moore* v. *Sharp,* 98 Tenn., 498, 41 S. W., 587.

These registration laws apply to all elections, including those of municipalities, in the counties and civil districts falling within their provisons. We quote the sections evidencing this as codified in Shannon's edition of the Code, viz.:

"Sec. 1189. In all civil districts, wards, and voting precincts in counties which have a population of 50,000 or over that number, computed by the federal census of 1890, or which may hereafter have that number or over, computed by any subsequent federal census, and in all cities, towns, and civil districts, having a population of 2,500 inhabitants or over that number computed by the federal census of 1890, or may hereafter have that number or over, computed by any subsequent federal census,

each and every voter, in addition to the other regulations required by law, shall be registered as a voter as hereinafter provided before he shall be allowed to exercise the elective franchise in any election held in any civil district, ward, or voting precinct in said counties having a population as herein provided: Provided, that the last published census shall control in every case. (Ex. Sess. 1890, c. 25, section 1; 1891, c. 224, section 1; Ex. Sess. 1891, c. 12.)"

"Sec. 1198. Registration, as provided for in section 1197, and the other provisions thereof, shall be a prerequisite to voting in all elections in such territory; and when such registration has been made under the provisions of this article, no other or further general registration for two and four years shall be made or required as a prerequisite to his voting, except in cases where the voter has changed his residence. (Id., section 3.)

"Sec. 1199. No voter shall be allowed to vote in any election wherein registration is required by law, unless he shall have first registered, under the provisions of this article, as much as twenty days before the election wherein he offers to vote is held. But registration of voters shall only be required every four years hereafter in the civil districts having less than five thousand population, according to last census, whenever said civil districts are in the counties not wholly subject by the present laws to registration. (Id., section 4.)"

They not only apply to all elections in the territory coming within the provisions of the statute, but to all

voters, whether as property holders or residents, voting in the election.   No exception of any kind is made. They make registration a prerequisite to voting in all· elections and prohibit voters from voting without lawful registration.   All who do so are guilty of a misdemeanor.   Code 1858, section 4596.   Knox county falls within the provisions of these laws, and they therefore apply to all elections and voters in the municipality of Lonsdale.

The voter must register in the civil district, ward, or voting precinct where he offers to vote.   This clearly appears from a consideration of all the provisions of the statutes, and such has been their practical construction.   Section 1217 requires the registrars of each district, or voting precinct, to appear at the place where the election is held with the books in which the voters are numbered, which are made evidence of registration, and occupy places inside the polling precincts, and check off or mark said voters as each voter therein registered shall vote.   The voter's name cannot appear upon these books unless he has there registered. No other registration books are required or authorized to be present or used, and a registration in another precinct would not avail the voter anything.   If the registration laws did not apply to the place of the residence of the nonresident voter, and the law was as insisted, he could not register anywhere, although he could not vote at the place where the laws do apply without registration. The registration must be in the district or ward where the vote is proposed to be cast.

State v. Weaver.

When considered from the viewpoint of the objects and purposes of the registration law, the reasons for requiring registration of nonresident real estate owners, and resident real estate owners who may not have lived in the town of Lonsdale for a sufficient length of time to otherwise qualify them to vote, are more weighty than in the case of voters who have lived there for a sufficient length of time to qualify them to vote without regard to the real estate qualifications; for, ordinarily, there is more likelihood that the voters of the latter class, and their qualifications, will be known to the judges of election, and the candidates and their friends, than those of the former class. As was well said by Mr. Justice Brewer, in *State* v. *Butts,* supra, *viz.*: "Obviously what was contemplated was the ascertaining beforehand, by proper proof, of the persons who should on the day of election be entitled to vote," so that "the matter will not be left to the pressure and excitement of election day, but will all be ascertained and determined prior thereto."

The motion to quash is overruled, and the case remanded for trial.