[Civil No. 3091. Filed February 1, 1932.]

[7 Pac. (2d) 588.]

FRANKLIN D. LANE, Mayor; DAVID P. KIMBALL, O. B. MARSTON, W. C. HENDERSON and J. B. BAYLESS, City Commissioners, and JOSEPH C. FURST, City Clerk of the City of Phoenix, a Municipal Corporation, of Maricopa County, Arizona, Appellants, v. LUKE W. HENDERSON, Appellee.

458

Mr. Chas. A. Carson, Jr., City Attorney, and Mr. James E. Nelson, Assistant City Attorney (Mr. A. S. Gibbons, of Counsel), for Appellants.

No appearance for Appellee.

. ROSS, J.—This action was commenced by appellee, Luke W. Henderson, against the mayor, city commissioners, and city clerk of the city of Phoenix to require them to place his name upon the primary election ballot as a candidate for the office of city commissioner at the regular primary election to be held March 7, 1931. From a judgment peremptorily directing defendants to place appellee's name on the ballot, they have appealed.

Judgment was on the pleadings. It appears therefrom that a primary election was to be held on March 7, 1931, for the purpose of nominating candidates for

the office of city commissioner, and that, on the basis of the vote for mayor at the next preceding general election, it was necessary that 250 qualified electors of the city must have signed a candidate's nomination petition to entitle him to be placed on the regular ballot; that Henderson, on February 13th, filed with the proper officer, to wit, the city clerk, nominating petitions signed by 306 persons; that the clerk, from an examination thereof and of the city registration books and election returns, determined that 206 of the signers were qualified electors, and that 100 of such signers were not qualified electors because they had not registered, and, on February 21st, so certified to the commission; that appellee's nominating petitions were on said February 21st rejected, and his name refused a place on the primary ballot; that thereafter, on February 24th, 45 of the 100 unregistered persons on appellee's petitions qualified as electors by registering, which brought his signers up to the required percentage of 250 electors.

This statement indicates the questions involved, and they are as to whether the nominating petitions as originally filed were insufficient, and, if so, whether they were cured by the 45 signers subsequently registering.

Under subdivision (f) of section 1, chapter 12, of the Charter of the City of Phoenix, it is provided that each signer of a nominating paper "shall be a qualified voter of the city of Phoenix." Section 4 of chapter 13 of the Charter provides that an elector must be a resident of the city for at least ninety days previous to an election and possess the qualifications of a state and county elector.

Section 12 of article 7 of the Constitution places upon the legislature the duty of enacting registration laws.

Section 1160, Revised Code of 1928, prescribes the qualifications of an elector, and states that an elector

"may register to vote at all elections authorized by law." Section 1210 et seq. limits the right to vote to registered electors. It seems that under the law an elector is not a "qualified voter" unless he has been registered in accordance with the registration laws.

Nominating petitions may be filed with the city clerk not earlier than sixty days and not later than twenty days before the date set for the election. Section 2, chap. 12, City Charter. Appellee's petition was filed twenty-one days before the election. Section 3 of said chapter makes the city clerk's duties and powers in passing upon nominating petitions the same as he has in regard to recall petitions under the provisions of chapter 17 of the City Charter; and said section 3 provides that nominating petitions may be amended "as provided for the amendment of recall petitions, at any time prior to twenty days before such election." This clearly indicates that the time fixed for amending recall petitions does not apply to nominating petitions. This is necessarily so, because any amendment to a recall petition must be made before a date for the election is fixed (sections 5 and 6, chapter 17, *supra*), whereas, when a nominating petition is filed, it is in anticipation of an election, the date of which has already been fixed.

There should be not only a limit of time within which nominating petitions may be filed, but also amended, so that a list of those who are entitled to have their names upon the official ballot may be certified by the clerk to the commission. Realizing this, section 7 of chapter 12 of the City Charter provides that the city clerk shall, "not later than fourteen days before the election," certify such list to the commission.

Now, if we should treat the act of registering by the 45 persons who had signed the petition as in effect an amendment to the nominating petition, such amendment would be too late. The 45 signers registered

on the 24th of February, only eleven days before the election.

It seems to us quite clear that the appellee had not complied with the law enumerating the steps that he should take in order to be placed upon the official ballot, in that his petition did not have the requisite number of qualified voters; and that therefore the judgment should be reversed and appellee's complaint dismissed. It is so ordered.

McALISTER, C. J., and LOCKWOOD, J., concur.