BALBOA INSURANCE COMPANY, Appellant, *v.* SOUTHERN DISTRIBUTORS CORPORATION, Respondent.

No. 16042

December 20, 1985                                710 P.2d 725

---

*Fitzgibbons, Cobb & Morrell,* Las Vegas, for Appellant.

*Mahan & Ellis,* Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

Plaintiff-respondent Southern Distributors Corporation sold roofing materials on an "open account" to A&S Roofing for use in various construction projects. A&S Roofing failed to pay respondent for the materials in an amount over $17,000. A&S had previously posted a surety bond in the amount of $10,000 with the state contractors board as a condition of its being granted a contractor's license pursuant to NRS 624.270. Appellant Balboa Insurance Company acted as surety and A&S Roofing was named as principal of the bond. Respondent filed a complaint to collect the bond for the debt for supplies sold and then moved for

summary judgment. The district court granted summary judgment in favor of respondent and this appeal followed.

Appellant contends that because respondent sold supplies on an "open account" and had no knowledge of the specific construction contracts in which its materials were to be used, respondent is not "a supplier or materialman furnish[ing] materials or equipment for the construction covered by the contract" for whose benefit the bond affords coverage within the meaning of NRS 624.273(1)(c).[1] We disagree and affirm the judgment.

Respondent does not dispute that it was unaware of the structures into which the materials it sold A&S Roofing were assimilated. However, NRS 624.273(1)(c) does not require a supplier to be cognizant of the specific contract for which the supplies are to be used. Moreover, contracts of a compensated surety should be liberally interpreted in the interests of the beneficiaries rather than strictly in favor of the surety. Zuni Constr. Co. v. Great Am. Ins. Co., 86 Nev. 364, 468 P.2d 980 (1970). The surety bond contract provides that it concerns the performance of "any construction contract entered into with an owner of property." It then states that A&S Roofing shall not incur any legal judgments for failure to pay a supplier in the performance of such a construction contract. The language of the bond contract thus discloses an intent to cover a failure to pay a supplier in the performance of any construction contract entered into with an owner of property irrespective of whether the supplies are sold on an "open account" or there was reference to a specific construction contract. Homewood Investment Co. v. Moses, 96 Nev. 326, 608 P.2d 503 (1980), we remanded to the district court when we determined that a supplier was entitled to a pro rata share of a bond pursuant to NRS 624.273(1). We see no basis on which to distinguish *Homewood* because one condominium construction project was specifically contemplated there at the time the bond was posted. Appellant cites Day & Night Mfg. v. Fidelity & Cas.

---

[1]NRS 624.273 provides:

1. Each bond or deposit required by NRS 624.270 must be in favor of the State of Nevada for the benefit of any person who:

(a) As owner of the property to be improved entered into a construction contract with the contractor and is damaged by failure of the contractor to perform the contract or to remove liens filed against the property;

(b) As an employee of the contractor performed labor on or about the site of the construction covered by the contract;

(c) *As a supplier or materialman furnished materials or equipment for the construction covered by the contract; or*

(d) Is injured by any unlawful act or omission of the contractor in the performance of a contract. . . . (Emphasis supplied.)

Co., 85 Nev. 227, 452 P.2d 906 (1969), which held a supplier of materials was not protected by a contractor's surety bond. However, *Day & Night Mfg.* was decided prior to the 1971 amendment to NRS 624.273(1) which enactment added suppliers to those persons in whose favor the surety bond operates to afford protection. Stats. of Nev. 1971, ch. 264, p. 383-384.

Summary judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Zuni Constr. Co. v. Great Am. Ins. Co., *supra,* 86 Nev. at 364, 468 P.2d at 980. In light of the liberal construction of surety bond contracts in favor of beneficiaries, we conclude that a supplier need not be aware of a specific construction contract for which supplies are furnished in order to be given the benefit of the protection of NRS 624.273(1). Consequently, appellant's claim is without merit. The district court did not err in granting summary judgment in respondent's favor.

The judgment is affirmed.