THE STATE OF NEVADA, AND PUBLIC EMPLOYEES
RETIREMENT BOARD OF THE STATE OF NEVADA,
TOM WIESNER, CLAIR HAYCOCK, JULIUS CONIG-
LIARO, PEGGY GLOVER, WILSON McGOWAN,
MARGIE MEYERS AND SAM PALAZZOLO, MEMBERS
OF THE PUBLIC EMPLOYEES RETIREMENT BOARD OF THE
STATE OF NEVADA, APPELLANTS, v. STATE OF
NEVADA EMPLOYEES ASSOCIATION, INC., A
NEVADA CORPORATION, BRENT HARPER, RAY CAL-
LAHAN, ALAN KIGHTLINGER, JOHN KOSKI, TIM
LUCICH, JAMES RECTOR, JOSEPH REINHARDT,
JON WAGNER AND PAUL STEPHEN WILLIAMS,
RESPONDENTS.

No. 16550

June 26, 1986                               720 P.2d 697

*Brian McKay,* Attorney General, and *Scott W. Doyle,* Deputy
Attorney General, Carson City, for Appellants.

*Norah Ann McCoy,* Carson City, for Respondents.

## OPINION

*Per Curiam:*

NRS 286.421 provides for "employer paid" or a "non-

contributory'' method of retirement contribution.[1] Respondent State of Nevada Employees Association's employees were mandatorily transferred from another method of contribution to the NRS 286.421 plan.[2] Respondent's employees were therefore required to have their compensation reduced on July 1, 1983, as a condition of this transfer.[3] NRS 286.421(2), (8). The rate of

----

[1]NRS 286.421 provides, in part:

1. Beginning July 1, 1985, a participating public employer shall pay on behalf of an employee the contributions required by subsection 1 of NRS 286.410 if:

(a) The employee is hired after July 1, 1985; or

(b) The employee's benefits have vested pursuant to NRS 286.6793. The employer shall begin paying an employee's portion of contribution on the date his benefits vest, if they vest after July 1, 1985.

2. Except for persons chosen by election or appointment . . . any such payment of the employee's portion of the contributions must be:

(a) Made in lieu of equivalent basic salary increase or cost of living increases, or both; or

(b) Counterbalanced by equivalent reductions in employees' salaries.
* * * *

6.. If an employer is paying the basic contribution on behalf of an employee the total contribution rate is, in lieu of the amounts specified in subsection 1 of NRS 286.410 and subsection 1 of NRS 286.450:
* * * *

(b) For police officers and firemen, 18 percent of compensation. Except as provided in subsection 7, a public employer which is paying the basic contribution on behalf of its employees may, to the extent that the respective percentage rates of the contribution are increased above the rates set forth in this section on May 19, 1975, require each employee to pay one-half of the amount of the increase as provided in subsection 2.

7. For the purposes of adjusting salary increases and cost of living increases or of salary reduction, *the total contribution* must be equally divided between employer and employee.

8. Public employers other than the State of Nevada shall pay the entire employee contribution for those employees who contribute to the police and firemen's retirement fund on and after July 1, 1981, and may before that date pay all or part of this contribution. The State of Nevada shall pay the entire contribution on or after July 1, 1983, for:

(a) Members of the Nevada highway patrol;

(b) Inspectors or field agents of the motor carrier division of the department of motor vehicles; and

(c) Firemen in the division of forestry of the state department of conservation and natural resources, who contribute to the police and firemen's retirement fund. [Emphasis added.]

[2]The issue is not before us, and we accordingly express no opinion as to whether state employees hired on a short-term basis are required to contribute under NRS 286.421.

[3]Fund members are entitled to a spouse option benefit whereby the member's spouse is entitled to receive a benefit equal to fifty percent of that received by the member. NRS 286.667. The cost of this benefit is one percent of compensation. One percent of the total retirement contribution is the exclusive responsibility of respondent employees and the remaining

contribution for respondents' employees to the fund is eighteen percent of compensation. NRS 286.421(6). Under NRS 286.421, ". . . the total contribution must be equally divided between employer and employee." NRS 286.421(7).

Appellant Public Employees Retirement Board of the State of Nevada implemented the NRS 286.421 method by calculating the employer's one-half contribution of the total eighteen percent of compensation against the employee's net salary after the nine and one-half percent employee reduction. Respondents' suit alleged that appellants misconstrued NRS 286.421(7) in calculating the amount of appellants' contribution. The district court granted respondents summary judgment. The district court concluded NRS 286.421(7) required the employee and employer to contribute equal *dollar* amounts, not equal *percentage* amounts of compensation, to the retirement plan. The district court ordered, *inter alia,* that respondents recover from appellants amounts by which appellants' contribution to respondents' retirement fund has been less than equal with that of respondents' contribution. This appeal followed.

Appellants argue that the contribution that must be equally divided is a *percentage* of compensation as referred to in NRS 286.421(6), NRS 286.450(1) and 286.465(1). Appellants also contend that because NRS 286.421(6) refers to "basic contribution," total contribution within the meaning of NRS 286.421(7) refers to the contribution rate in NRS 286.421(6). We do not agree.

Appellants' argument that other parts of the statute reveal the meaning of contribution therefore begs the question. Total contribution is not expressly statutorily defined. NRS 286.421(6) merely refers to the total *rate* by percentage of compensation to be contributed, i.e., eighteen percent. NRS 286.450(1) refers to the same percentage *rate* of contribution for the alternate method set forth in that section. The phrase in NRS 286.421(7) has not been construed by other provisions of NRS Chapter 286.

Appellants argue alternatively that the use of "contribution rate" in NRS 286.421(6) and "total contribution" in NRS 286.421(7) create a statutory ambiguity requiring resort to legislative and administrative history. We disagree. When a statute uses words which have a definite and plain meaning, the words will retain that meaning unless it clearly appears that such meaning was not so intended. Balboa Ins. Co. v. Southern Distrib. Corp., 101 Nev. 774, 710 P.2d 725 (1985); City of Las Vegas v. Macchiaveria, 99 Nev. 256, 661 P.2d 879 (1983). If language is

---

seventeen percent is to be equally divided, eight and one-half percent to be paid by the employer and eight and one-half percent to be paid by the employee.

plain and unambiguous, it must be given effect. The wording of NRS 286.421(7) "the total contribution must be equally divided between employer and employee" is plain and unambiguous. Therefore, resort to legislative history is unnecessary.

Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. NRCP 56; Balboa Ins. Co. v. Southern Distrib. Corp., 101 Nev. at 774, 710 P.2d at 725. Appellants' method applies equal percentage rates of eight and one-half percent to unequal monetary bases, which does not produce a total contribution equally divided between employer and employee as required by NRS 286.421(7). The district court properly interpreted the statute and granted summary judgment to respondents.

The judgment is affirmed.