STATE OF NEVADA EMPLOYEES ASSOCIATION, INC., A NEVADA CORPORATION, AS REPRESENTATIVE OF ITS MEMBERS WHO ARE VOTERS AND TAXPAYERS IN THE STATE OF NEVADA; AND ROBERT GAGNIER, AS AN INDIVIDUAL, RESIDENT, CITIZEN, TAXPAYER AND ELECTOR OF THE STATE OF NEVADA, PETITIONERS, v. CHERYL LAU, IN HER OFFICIAL CAPACITY AS SECRETARY OF STATE OF NEVADA, RESPONDENT, AND BOB MILLER, REAL PARTY IN INTEREST.

No. 25386

July 7, 1994                                877 P.2d 531

*Norah Ann McCoy,* Carson City, for Petitioners.

*Benesch & Fermoile,* Reno, for Respondent.

716

*Beckley, Singleton, DeLanoy, Jemison & List* and *Daniel F. Polsenberg*, Las Vegas, for Real Party in Interest.

## OPINION

By the Court, ROSE, C. J.:

Petitioners contend that because Bob Miller (Miller) served as acting governor for 734 days, he is ineligible for reelection pursuant to Article 5, section 3 of the Nevada Constitution.[1] For reasons stated below, we reject this argument.

---

[1]Article 5, section 3 of the Nevada Constitution provides, in relevant part:

[N]or shall any person be elected to the office of Governor more than twice; and no person who has held the office of Governor, or acted as Governor for more than two years of a term to which some other person was elected Governor shall be elected to the office of Governor more than once.

Richard Bryan (Bryan) began his second term as governor of Nevada on Monday, January 5, 1987. His official term of office would have lasted until the first Monday in January four years later, when his successor would have been installed. However, Bryan was subsequently elected to the United States Senate at the 1988 general election, and resigned his position as governor on Tuesday, January 3, 1989.

Pursuant to Article 5, section 18 of the Nevada Constitution, upon the resignation of the governor, the lieutenant governor automatically succeeds to the powers and duties of the office of governor. Thus, Miller became acting governor of Nevada on Tuesday, January 3, 1989. Miller served as acting governor during Bryan's term from January 3, 1989, through January 6, 1991, a total of 734 days. Miller was elected to the office of governor at the 1990 general election and began serving his present four-year term on Monday, January 7, 1991.

On March 10, 1994, Miller filed his declaration of candidacy for the office of governor in the 1994 primary election. This declaration certifies that Miller "will qualify for the office if elected thereto."

Petitioners filed this writ of mandamus, asserting a beneficial interest in seeing that all proceedings relating to the upcoming gubernatorial primary election are executed and performed in accordance with the laws and constitution of the State of Nevada.

Petitioners argue that the word "years" as used in Article 5, section 3 of the Nevada Constitution has the ordinary and well-understood meaning of 365-day "calendar years." In State v. State, Employees Assoc., 102 Nev. 287, 720 P.2d 697 (1986), we held:

> When a statute uses words which have a definite and plain meaning, the words will retain that meaning unless it clearly appears that such meaning was not so intended. If language is plain and unambiguous, it must be given effect.

*Id*. at 289-90, 720 P.2d at 699 (citations omitted). Petitioners contend that because it does not clearly appear that any other meaning is intended, the word "years" must retain this ordinary meaning.

The use of the word "years" in the constitutional phrase "years of a term" is not so clear and unambiguous that it can have only the meaning that petitioners ascribe to it.

> "Many words of common use in our language have two or more meanings. It is not infrequent that a word having one meaning in its ordinary employment has a materially different or modified meaning in its legal use. "

Sawyer v. District Court, 82 Nev. 53, 56, 410 P.2d 748, 750 (1966) (quoting Watkins v. Mooney, 71 S.W. 622 (Ky. 1903)) (rejecting the lieutenant governor's argument that the word "absence" in Article 5, section 18 of the Nevada Constitution was unambiguous and should be literally interpreted, and concluding instead that the word means "effective absence").

The word "year" as used in statutes and the Nevada Constitution may mean a calendar-based year (calculated from and to a set date) or an official or political year (running from and to a floating day within a month).[2] *See* State ex rel. Stadter v. Patterson, 251 P.2d 123, 131 (Or. 1952). The practice of setting terms for legislative and judicial officers to begin and end on fixed days of the week created the "official year," which is always shorter or longer than the calendar year. An "official year" based on a day of the week never equals petitioners' proposed definition of 365 days, nor does an official term ever equal 1460 (4 x 365) days because the governor's "official year" begins and ends on a Monday so that it must be a set number of weeks, either 52 (364 days) or 53 (371 days). Thus, defining the word "year" to mean 365 days in every situation fails to recognize the reality of the varying uses of "year" in the Nevada Constitution.

The critical issue in the instant case is determining whether the framers of the 1970 amendment to Article 5, section 3 contemplated a "calendar year" or an "official year" in prohibiting a person who has served as acting governor for "more than two years" from being elected governor more than once. The amendment does not clearly indicate what type of year is intended. Thus, it is necessary to use canons of construction, and to give effect to all controlling legal provision *in pari materia*. *See* Walker v. Reynolds Elec. & Eng'r. Co., 86 Nev. 228, 233, 468

---

[2]For example, the Nevada Constitution sometimes speaks of years in terms of a set year from January 1 to December 31, inclusive. In several sections, it sets a time to perform some acts as a set date in "the year before the year" in which another act is set to be performed, referring to set "calendar years." Nev. Const. art. 19, § 1(1); *see also* Nev. Const. art. 19, §§ 2(3) and (4).

In contrast, the Nevada Constitution refers to "official years" in speaking of legislators' and judges' terms. For example, assembly members' terms of office shall be "two years from the day next after their election," which is set at the first Tuesday after the first Monday in November. Nev. Const. art. 4, § 3. Senators' terms are "Four Years from the day next after their election." Nev. Const. art. 4, § 4; *see also* Nev. Const. art. 17, § 10 (terms after 1866). Terms of Supreme Court Justices are "Six Years from and including the first Monday of January next succeeding their election." Nev. Const. art. 6, § 3; *see also* Nev. Const. art. 6, § 5 (terms of district judges). The election is established as the first Tuesday after the first Monday in November.

P.2d 1, 4 (1970) (holding that two statutes relating to the same subject matter could be given simultaneous effect without conflict and *in pari materia*); *see also* Colorado Project-Common Cause v. Anderson, 495 P.2d 220, 222-23 (Colo. 1972) (constitutional provisions should be read *in pari materia* with pertinent controlling statutes on the same subject matter).

Neither the 1970 amendment nor the Nevada Constitution makes reference to the type of years, calendar-based or official, which constitute the governor's term. Article 5, section 2 states only that the governor shall hold office "for Four Years from the time of his installation, and until his successor shall be qualified." The state charter left the determination of *when* the governor would take office to the Legislature, who provided that, "[t]he governor shall be chosen at the general election of 1866, and every 4th year thereafter, and shall hold his office for the term of 4 years from the time of his installment and until his successor shall be qualified." NRS 223.020(2). The Legislature established that the governor takes the official oath on the first Monday of January next succeeding his election, thus becoming qualified at that time. *See* NRS 223.030. Reading these provisions together, we conclude that the governor's term consists of four "official years" as distinct from "calendar years."

Thus, when the 1970 amendment referred to "two years of a term," it may reasonably have referred to the type of "years," which comprise a term, that is, an "official year" running from and to the first Monday in January.[3] *See* Crockett v. Tuttle, 197 P. 900 (Utah 1921) (stating that when the Constitution speaks of years in a term of office, it refers to official rather than calendar years); *see also* Temple v. Liquor Control Comm'n, 230 N.E.2d 457 (Ohio 1965) (state law limiting election referred to political year, not calendar year). Miller served as acting governor one day less than two "official years," since he took office on Tuesday, January 3, 1989, rather than on Monday, January 2, 1989. Therefore, we conclude that Miller is eligible for reelection under the Nevada Constitution.

In so concluding, we reject petitioners' argument that a study of the amendment's legislative history confirms the absence of any ambiguity in the two-year limit. Petitioners assert that because the purpose of the amendment was to limit the power and

---

[3]Petitioners concede that terms of political office "may last a little more or a little less than the stated number of calendar years."

control of a single person in the office of governor by limiting the number of terms and years one person could serve, it is clear that the constitutional provision should be construed to prohibit Miller from seeking reelection.

We acknowledge the purpose of the amendment, but conclude that this purpose does not support petitioners' approach to the issue—an approach which consists solely of counting days. The purpose of the amendment was to limit entrenched incumbencies. Interpreting the phrase "years of a term" to mean calendar-based rather than official years does not aid in fighting entrenched incumbencies because sometimes a "calendar year" is longer than an "official year" and sometimes *vice versa*.[4]

Most importantly, we conclude that the people's ability to choose a governor should not be restricted by an ambiguous provision. Petitioners should prevail only if the phrase "years of a term" cannot possibly refer to anything other than "calendar years." If a constitutional provision is capable of being understood in two or more senses by reasonably informed persons, it must be liberally construed in favor of the right of the voters to exercise their electorial choice:

> The right to hold public office is one of the valuable rights of citizenship. The exercise of this right should not be declared prohibited or curtailed except by plain provisions of law. Ambiguities are to be resolved in favor of eligibility to office. . . . " Statutes imposing qualifications should receive a liberal construction in favor of the right of the people to exercise freedom of choice in the selection of officers. Furthermore, disqualifications provided by the legislature are construed strictly and will not be extended to cases not clearly within their scope. . . ."

Gilbert v. Breithaupt, 60 Nev. 162, 165-66, 104 P.2d 183, 185 (1940) (citations omitted) (quoting 46 C.J. *Officers* § 32, at 937 (1928)).

In conclusion, we note that construing the constitution to permit Miller to enter the next gubernatorial election will not, as petitioners contend, silence "the voice of the people." Rather, such an interpretation enables the citizens of Nevada to speak out, whether it be for or against Miller.

---

[4]For example, Miller served one day less than two "official years" of Governor Bryan's term, but four days more than two "calendar years." The term to which Governor Miller was himself elected, consisting of four "official years," is five days shorter than four calendar-based years. The result is that, before the next term commences, Miller will have served from Tuesday, January 3, 1989, to Monday, January 2, 1995, which is one day short of six official years and one day short of six calendar years.

Accordingly, we deny petitioners' petition for a writ of mandamus.

STEFFEN, YOUNG, and SHEARING, JJ., concur.

SPRINGER, J., dissenting:

The Nevada Constitution provides that no person who "acted as Governor for more than two years of a term to which some other person was elected Governor shall be elected to the office of Governor more than once." Nev. Const. art. 5, § 3.

The Majority justices think that the word "years" is not "clear and unambiguous." The word "years" is quite clear to me. "For all practical purposes [a year] consists of 365 days, and in leap years of 366 . . ." Ballentine's Law Dictionary 1377 (2d ed. 1948). There is no leap year involved here; so a year "consists of 365 days," and two years consists of 730 days. To me the constitutional phrase "more than two years" simply[1] means more than 730 days. Governor Miller served *734* days of Governor Bryan's term; and 734 days is more than 730 days. Since Governor Miller has already been elected once and has served "more than two years" of Governor Bryan's term, he may not run again.

[1]The Attorney General calls this reasoning "simplistic." Op. Att'y Gen. No. 92-14 (December 31, 1992). "Simple" is a better word than "simplistic."