ROBERT E. WALSTROM, APPELLANT, v. THE STATE OF NEVADA, RESPONDENT.

No. 17957

March 31, 1988                                    752 P.2d 225

*Terry, Winter & Wessel,* Carson City, for Appellant.

*Brian McKay,* Attorney General, and *Noel S. Waters,* District Attorney, Carson City, for Respondent.

---

## OPINION

*Per Curiam:*

### THE FACTS

In June 1986, Janine Walstrom asked her friend Francis Grey to be a witness while they examined the contents of a metal footlocker located in her husband's pickup truck. When they opened the locker, they found child pornography. Based on the affidavit of Ms. Grey, detective Susan Coffey of the Carson City Sheriff's Office executed a search warrant and seized the materials in the footlocker.

Detective Coffey found a roll of undeveloped film in the bottom of the footlocker. When developed, the slides showed appellant Walstrom committing lewd acts with a young girl.[1] The pictures of these acts were taken, at the very latest, in 1978, eight years before they were seized. Despite some effort by the State, the victim was never located.

---

[1] The girl appeared to be between five and ten years old.

Walstrom was arrested under NRS 201.230[2] and interviewed. He admitted collecting child pornography but denied ever using children to produce his own pornography.

After a bench trial, Walstrom was convicted of lewdness with a minor and sentenced to ten years. He appeals.

## DISCUSSION

Because the State produced irrefutable proof that Walstrom is guilty of the crime, the main issue is whether the statute of limitations was tolled. NRS 171.085 provides:

> Except as provided in NRS 171.095, an indictment for:
>
> . . . .
>
> 2. Any other felony than murder, theft, robbery, burglary, forgery, arson or sexual assault must be found, or an information or complaint filed, within 3 years after the commission of the offense.

NRS 171.095(1) provides:

> If a felony . . . is committed in a secret manner . . . an information [must be] filed [within three or four years] after the discovery of the offense.

The felony crime was committed, at the latest, in 1978. The information was filed in 1986, shortly after the film showing the crime was discovered. Unless the NRS 171.095 "in a secret manner" exception tolls the statute of limitations, the conviction must be reversed as the lower court did not have subject matter jurisdiction.[3] Brannen v. State, 102 Nev. 7, 714 P.2d 175 (1986); Melvin v. Sheriff, 92 Nev. 146, 546 P.2d 1294 (1976).

In interpreting NRS 171.095, we must first decide whether the State must bear the burden of establishing that the crime was done in a secret manner, or whether the defendant must bear the burden of establishing that the crime was not done in a secret manner. The lower court held that the State had the burden to prove the crime was committed in a secret manner beyond a reasonable doubt, and concluded it had done so.

We note that exceptions to criminal statutes of limitations are narrowly construed and read in a light most favorable to the

---

[2]NRS 201.230 provides: "Any person who willfully and lewdly commits any lewd or lascivious act . . . upon or with the body . . . of a child under the age of 14 years . . . shall be punished by imprisonment in the state prison for not less than 1 year nor more than 10 years."

[3]Because the crime occurred before the 1985 modification of NRS 171.095, the exception in 171.095(2) does not apply in this case.

accused.[4] State v. Merolla, 100 Nev. 461, 464, 686 P.2d 244, 246 (1984). We therefore agree with the lower court that, under NRS 171.095, the burden is on the State to prove that the crime was committed in a secret manner in order to toll the statute of limitations for criminal actions. This conclusion is consistent with our general rule of favorable construction for a defendant. Moreover, it is consistent with the well-established principle that the State must prove that an offense was committed within the statutorily permitted period for prosecution.[5] It is also consistent with the few decisions of other states that have considered the specific issue.[6]

However, we conclude that the State's burden is not one of proof beyond a reasonable doubt, but only by a preponderance of the evidence.[7] *See* State v. Tibor, 373 N.W.2d 877, 883 (N.D. 1985); People v. Zamora, 557 P.2d 75, 93 n. 27 (Cal. 1975). The lesser standard is appropriate because proving the application of the exception to the statute is not the same as proving an element of the crime. Proving the exception to the statute of limitations addresses the issue of the court's jurisdiction; proving an element of the crime concerns the issue of a defendant's guilt or inno-

---

[4]We should add, however, that one of the reasons for construing exceptions to statutes of limitations narrowly does not exist in this situation. We construe exceptions narrowly because with the passage of time exculpatory evidence may disappear, prejudicing the defendant. However, in this case, no such exculpatory evidence exists.

[5]*See, e.g.,* State v. Lester, 317 S.E.2d 295, 297 (Ga.App. 1984); Duncan v. State, 384 A.2d 456, 457 (Md. 1978); State v. Tibor, 373 N.W.2d 877, 883 (N.D. 1985); Annotation, *Burden on State To Show that Crime Was Committed Within Limitation Period,* 13 A.L.R. 1446, 1446 (1921) ("It is well settled that, where the issue of the Statute of Limitations is raised in a criminal case, the state must affirmatively prove the commission of the offense within the statutory period.") (citations omitted).

[6]*See* United States v. Gonsalves, 675 F.2d 1050, 1054 (9th Cir.), *cert. denied,* 459 U.S. 837 (1982); People v. Zamora, 557 P.2d 75, 93 n. 27 (Cal. 1976); *Tibor,* 373 N.W. 2d 877, 883 (N.D. 1985). *See also* 29 Am.Jur.2d *Evidence* § 155 (1967) ("In the event that the prosecution relies on an exception to remove the bar of the statute, it has the burden of proof to show its right to prosecute for the offense.") (footnote omitted); Annotation, *Burden on State To Show that Crime Was Committed Within Limitation Period,* 13 A.L.R. 1446, 1449 (1921) ("[I]f the prosecution relies on an exception to remove the bar of the statute, the burden of proof is on the state to show its right to prosecute for the offense.") (citations omitted).

[7]A preponderance of the evidence is evidence which leads the trier of fact to find that the existence of the contested fact is more probable than its nonexistence. People v. Taylor, 618 P.2d 1127, 1135 (Colo. 1980). This standard does not merely look to who has presented more evidence—it looks to whether, on an objective basis, the party has established a certain fact probably exists.

cence. The considerations that require proof beyond a reasonable doubt do not apply when the State is merely attempting to prove jurisdiction. Given the difficulty of proving the secret manner exception long after the commission of an offense, we see no sound reason to compound the difficulty by imposing a higher standard upon the State.

Having established the State's burden, we now must consider what constitutes committing a crime "in a secret manner." Defendant urges this court to adopt the logic of State v. Bentley, 721 P.2d 227 (Kan. 1986), in deciding this issue. In *Bentley,* the Kansas Supreme Court stated that "Crimes against persons, by their very nature, cannot be concealed." 721 P.2d at 230. We reject this broad proposition, as it fails to take into account the vulnerability of children and apparently assigns to them full adult responsibility for immediately reporting crimes in which they are victims. However, as one author concluded:

> Often, the already traumatized child retreats into silence. The perpetrator may have extracted a promise of secrecy by using coercion, threats against the child or the child's loved ones, subtle persuasion, or bribes. Such coercion has powerful force: the child victim becomes confused, guilt-ridden, and terrified of losing the affection of people who comprise his entire world. Additionally, the mystique surrounding sex often causes the child to fear that he will not be believed or will be deemed responsible for the sexual incident. The child may not fully comprehend that his tormentor's behavior is deviant.

Comment, *The Young Victim as Witness for the Prosecution: Another Form of Abuse?* 89 Dick. L. Rev. 721, 731 (1985) (footnotes omitted).[8] Some research indicates that a substantial

---

[8] *See also* Cerkovnik, The Sexual Abuse of Children: Myths, Research, and Policy Implications, 89 Dick. L. Rev. 691 (1985). Therein, the author notes:

> Male victims do not report being sexually victimized as readily as female victims because they equate victimization with the loss or absence of masculinity. . . . The male victim often chooses not to report because of the following fears: (1) Unable to protect himself, he fears being considered a sissy or unmanly. (2) He may fear that people will think he is a homosexual and he fears becoming a homosexual. (3) If abused by a woman he thinks a complaint will bring his masculinity into question. (4) Boys who are molested by their mothers often assume responsibility for their own molestation viewing their mothers incapable of abuse. (5) They fear no one will believe their report of sexual abuse or that most people think such sexual activity is not harmful to the boy. (6) They fear risking their own safety and well being.

*Id.* at 706 (citation omitted). And in Wenck, Sexual Child Abuse: An American Shame That Can Be Changed, 12 Cap. L. Rev. 355, 359 (1983),

number of child abuse victims may be under the age of five.[9] Given the limited emotional, intellectual, psychological, and physical development of children, the Kansas Supreme Court's assignment of responsibility is unrealistic.

We conclude that a crime is done in a secret manner, under NRS 171.095, when it is committed in a deliberately surreptitious manner that is intended to and does keep all but those committing the crime unaware that an offense has been committed. Therefore normally, if a crime of physical abuse, or a related crime, is committed against a victim who remains alive, it would not be committed in a secret manner under the statute. The victim is aware of the crime and has a responsibility to report it. However, given the inherently vulnerable nature of a child, we conclude that the crime of lewdness with a minor can be committed in a secret manner, even though a victim is involved.

On review, we view the facts in the light most favorable to the prosecution. Koza v. State, 100 Nev. 245, 250, 681 P.2d 44, 47 (1984). If substantial evidence supports a trier of fact's determination that a crime was committed in a secret manner, we will not disturb this finding on appeal. *Cf.* Bolden v. State, 97 Nev. 71, 624 P.2d 20 (1981). We have defined substantial evidence as evidence "a reasonable mind might accept as adequate to support a conclusion." State, Emp. Security v. Hilton Hotels, 102 Nev. 606, 608, 729 P.2d 497, 498 (1986) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)).

We conclude, after review of the record, that substantial evidence supports the lower court's conclusion that Walstrom committed the crime in a secret manner. First, the slides show that Walstrom or his victim used a remote control device to take the pictures. Although not totally conclusive, use of this device implies that Walstrom was alone with the child when the pictures were taken. The fact that he apparently desired to be alone with the child, when photographing his crime, implies that Walstrom, from the inception of his illegal activity, was attempting to commit the crime in a secret manner. Second, after taking the pictures, Walstrom secreted the undeveloped film in a locked footlocker in his private vehicle. The fact that he had not devel-

---

the author concludes, "The child victim of intra-family child abuse probably has been abused on the average of at least two years before she finally has the courage to report what has been happening to her."

[9]According to one study conducted by the American Humane Society and the National Center on Child Abuse and Neglect, 28.5 percent of child sexual abuse victims are under the age of five. Highlights of Official Child Neglect and Abuse Reporting 1985, p. 19.

oped the film and kept it locked away implies that Walstrom had both an initial and continuous desire to keep his illegal activities secret. Third, at the time Walstrom was arrested, he denied ever personally participating in the production of child pornography, again suggesting a continuous desire to keep his criminal activity secret. And finally, because of this crime's inherently repugnant nature, we note that it is almost always intended to be kept secret. *See Bentley,* 721 P.2d at 230 ("Sexual abuse of children, by its very nature, is done in secrecy.").

From this evidence, a reasonable mind could conclude Walstrom committed his crime in a secret manner. In light of the above, we find no error in the district court's decision and accordingly affirm the conviction.