LARRY R. HOUTZ, Appellant, *v.* THE
STATE OF NEVADA, Respondent.

No. 23073

April 27, 1995                                    893 P.2d 355

[Rehearing denied September 19, 1995]

*Aebi & McCarthy,* Carson City, for Appellant.

*Frankie Sue Del Papa,* Attorney General, Carson City; *Scott W. Doyle,* District Attorney, and *Kristine L. Brown,* Deputy District Attorney, Douglas County, for Respondent.

## OPINION

*Per Curiam:*

The victim in the instant case was born on January 16, 1965.

From the ages of twelve to fourteen, he attended the seventh and eighth grades in Gardnerville, Nevada, where Larry Houtz (Houtz) was his band teacher. In 1990, when the victim was twenty-five years old, he reported to the Douglas County Sheriff's Office that Houtz had engaged in lewd conduct with him on three occasions during the 1977-78 school year. The sheriff arrested Houtz and charged him with three counts of open and gross lewdness (gross misdemeanors) and three counts of lewdness with a child under the age of fourteen (felonies).

At the preliminary hearing, the victim testified that Houtz committed the lewd conduct during the 1977-78 school year when Houtz took the victim on trips to Reno or to Houtz's home in Douglas County. After providing the victim with beer and pornographic magazines, Houtz forced the victim to masturbate by threatening to tear off his penis. Houtz also engaged in masturbation. The victim did not tell his parents about the incidents because Houtz was a friend of his parents, and Houtz told him not to say anything. Houtz left Douglas County in 1979, when the victim was fourteen years old.

The victim testified that at some point he stopped thinking about the incidents with Houtz, and that he had not thought about the abuse during high school or college. In 1990, his broken relationship with a girlfriend triggered memories of Houtz's molestation. In September, 1990, the victim first told his parents that Houtz had molested him. The victim also informed the Douglas County authorities, and his father hired an attorney to pursue a civil lawsuit against the Douglas County School District.

On April 15, 1991, the State filed a criminal complaint against Houtz and issued a warrant for his arrest. The complaint charged Houtz with three counts of open and gross lewdness, in violation of NRS 201.210(1)[1] (gross misdemeanors), and three counts of lewdness with a child under the age of fourteen, in violation of NRS 201.230(1)[2] (felonies). Houtz, a resident of Utah, surren-

---

[1]NRS 201.210(1) provides:

    1. Every person who commits any act of open or gross lewdness is guilty:
    (a) For the first offense, of a gross misdemeanor.
    (b) For any subsequent offense, of a felony, and shall be punished by imprisonment in the state prison for not less than 1 year nor more than 6 years, and may be further punished by a fine of not more than $5,000.

[2]NRS 201.230(1) provides:

    Any person who willfully and lewdly commits any lewd or lascivious act, other than acts constituting the crime of sexual assault, upon or with the body, or any part or member thereof, of a child under the age of 14 years, with the intent of arousing, appealing to, or gratifying the lust or passions or sexual desires of that person or of that child, shall be

dered to the Douglas County Sheriff on May 29, 1991, and was subsequently released on bail. On May 30, 1991, the State filed an amended criminal complaint against Houtz, the district court held a preliminary hearing and arraignment, and Houtz entered a plea of not guilty on all counts. On June 25, 1991, Houtz filed a motion to dismiss based upon jurisdictional grounds. After a hearing held on October 2, 1991, the district court entered its order denying Houtz's motion. In denying Houtz's motion to dismiss, the district court, troubled by the thirteen-year gap between the date of the crimes and the subsequent prosecution, stated as follows:

> THE COURT: I am very, very uncomfortable with this issue in case you can't tell that. . . . I am very uncomfortable trying a case that is this old when I have a young man who is an alleged victim in the case that is this old and has been on his own for this length of time. I am uncomfortable with it. I don't know any way, frankly, to get this issue before the Supreme Court prior to trial.

On December 16, 1991, Houtz agreed to enter a conditional plea of nolo contendere, pursuant to NRS 174.035(2),[3] to one count of lewdness with a child, and the State agreed to dismiss the other counts contained in the information. Houtz reserved the right to appeal from the adverse determination of his motion to dismiss, and on December 16, 1991, he entered his nolo contendere plea. On February 11, 1992, the district court sentenced Houtz to the maximum sentence of ten years in the Nevada State Prison for violation of NRS 201.230, a felony involving lewdness with a child under the age of fourteen years. On February 27, 1992, Houtz filed his notice of appeal with this court.

The State contends the statute of limitations was tolled because Houtz committed the crime in a secret manner. The State has the burden of proving by a preponderance of the evidence that the crime was secret. Walstrom v. State, 104 Nev. 51, 54, 752 P.2d 225, 227 (1988). NRS 171.085(2) provides as follows:

_____

punished by imprisonment in the state prison for not less than 1 year nor more than 10 years, and may be further punished by a fine of not more than $10,000.

[3]NRS 174.035(2) provides:

With the consent of the court and the district attorney, a defendant may enter a conditional plea of guilty or nolo contendere, reserving in writing the right, on appeal from the judgment, to a review of the adverse determination of any specified pretrial motion. A defendant who prevails on appeal must be allowed to withdraw the plea.

> Except as provided in NRS 171.095, an indictment for:
>
> . . . .
>
> (2) Any other felony than murder, theft, robbery, burglary, forgery, arson or sexual assault must be found, or an information or complaint filed, within 3 years after the commission of the offense.

Therefore, the State must commence a prosecution under NRS 201.230 within three years after the commission of the offense. NRS 171.095, the "secret crimes" statute, sets forth the only exception to this rule. In 1977-78, when Houtz committed the offenses, NRS 171.095 read in pertinent part as follows:

> If a felony or misdemeanor is committed in a secret manner, an indictment for the same must be found, or an information or complaint filed, within the periods of limitation prescribed in NRS 171.085 and 171.090 after the discovery of the offense.

*See* 1981 Nev. Stat., ch. 414, § 2 at 771.[4]

This court discussed NRS 171.095 in Walstrom v. State, 104 Nev. 51, 752 P.2d 225 (1988). In *Walstrom,* the defendant's wife discovered a roll of undeveloped film in her husband's footlocker in 1986. Once developed, the photographs revealed the defendant committing lewd acts with a young girl who appeared to be five to ten years old. The photographs were taken, at the latest, in 1978. *Id.* at 52, 752 P.2d at 226. In 1986, the State charged Walstrom with lewdness with a minor. The statute of limitations for this crime was three years, both at the time the defendant committed the crime and when the State charged him. In 1978, the only tolling statute was NRS 171.095, the "secret offense" statute.[5]

---

[4]In 1981, the Nevada Legislature amended NRS 171.095 to include gross misdemeanors in its tolling provisions:

> If a felony, gross misdemeanor or misdemeanor is committed in a secret manner, an indictment for the offense must be found, or an information or complaint filed, within the periods of limitation prescribed in NRS 171.085 and 171.090 after the discovery of the offense; but if any indictment found, or an information or complaint filed, within the time thus prescribed is defective so that no judgment can be given thereon, another prosecution may be instituted for the same offense within 6 months after the first is abandoned.

1981 Nev. Stat., ch. 414, § 2 at 771.

[5]In 1985, the Legislature amended NRS 171.095 by adding a section which allowed the State to prosecute child sexual abuse cases at any time until the child was eighteen years old. 1985 Nev. Stat., ch. 658, § 12 at 2167-68. In 1989, after the Walstrom v. State, 104 Nev. 51, 752 P.2d 225 (1988), decision, the Legislature again amended the statute to allow such reporting at any time until the child was twenty-one years old. 1989 Nev. Stat., ch. 627, § 1 at 1443-44.

Houtz argues that the statute of limitations should not be tolled because *Walstrom* stated that "secret" offenses are not normally committed against a victim who remains alive. *Id.* at 56, 752 P.2d at 228. The victim is, of course, still alive. However, we did not state in *Walstrom* that a secret offense could never occur when the victim remained alive, and we noted that a defendant may commit a crime in a secret manner when a child is involved. *Id.* Thus, Houtz's argument is not compelling.

Houtz further argues that the "secret offense" language of NRS 171.095(1) conflicts with the language in NRS 171.095(2), which prohibits prosecution for sexual abuse of a child if the victim does not report the abuse or the State does not commence prosecution by the time the victim reaches the age of twenty-one. Houtz asserts that the more specific and recent section, NRS 171.095(2), should control. Laird v. State of Nev. Pub. Emp. Ret. Bd., 98 Nev. 42, 639 P.2d 1171 (1982). However, the Legislature did not add NRS 171.095(2) until 1985, and the instant crime occurred in 1977 or 1978. Thus, because NRS 171.095(2) was not in effect at the time the crime was committed, we conclude that only NRS 171.095(1) applies, and therefore we need not address the apparent conflict. *See Walstrom,* 104 Nev. at 53 n.3, 752 P.2d at 227 n.3 ("[b]ecause the crime occurred before the 1985 modification of NRS 171.095, the exception in 171.095(2) does not apply in this case"). Because Houtz used intimidation to prevent the victim, a juvenile at the time of the molestation, from reporting the incidents, we conclude that Houtz committed the crimes in a secret manner under NRS 171.095(1).

Nevertheless, the fact that Houtz committed a crime in a secret manner does not mean that the statute of limitations under NRS 171.095 is tolled indefinitely. Such an interpretation would effectively nullify the statute of limitations, the purpose of which is to protect defendants from the unfairness of prosecution when evidence is stale and witnesses are unavailable. An example of an extreme result under such an interpretation is that, based on the testimony of a sixty-year-old person, the State could choose to initiate prosecution of an offense that occurred more than five decades ago. The interpretation of a statute should be reasonable and should avoid absurd results. Las Vegas Sun v. District Court, 104 Nev. 508, 511, 761 P.2d 849, 851 (1988).

Also, the Nevada Legislature has never included child sexual abuse among those offenses which have no statute of limitations

for prosecution. This court construes exemptions to criminal statutes of limitations in the light most favorable to the accused, State v. Merolla, 100 Nev. 461, 464, 686 P.2d 244, 246 (1984), and also narrowly construes ambiguous penal statutes. Buschauer v. State, 106 Nev. 890, 896, 804 P.2d 1046, 1049 (1990). Following these statutory rules of construction, we conclude that the tolling of the statute of limitations because of the "secret offense" provision should not be beyond the time when the minor reaches the age of majority—eighteen years of age.[6] Although the addition to NRS 171.095(2) in 1985 is not controlling in this case as previously explained, it is consistent with our conclusion. Because the victim did not report the offense until he was twenty-five, the statute of limitations had run by the time the State commenced the instant prosecution.

Accordingly, we conclude that although Houtz's crime was committed in a secret manner, the statute of limitations had run by the time the State initiated prosecution. Therefore, we reverse the district court's decision denying Houtz's motion to dismiss.[7]

---

[6]In Petersen v. Bruen, 106 Nev. 271, 281, 792 P.2d 18, 24-25 (1990), we held that the statute of limitations does not bar the action of an adult survivor of child sexual abuse when clear and convincing evidence shows that the defendant had sexually abused the plaintiff during his or her minority. However, unlike the instant case, Petersen was a personal injury action, not a criminal prosecution. Further, Petersen presented substantial psychiatric explanation why the memory of the abuse had been blocked from his thought process.

[7]THE HONORABLE MIRIAM SHEARING, Justice, did not participate in the decision of this appeal.