## THE STATE OF NEVADA, Appellant, v. GREGORY LYNN QUINN, Respondent.

### No. 35795

September 17, 2001                                30 P.3d 1117

*Frankie Sue Del Papa,* Attorney General, Carson City; *Richard A. Gammick,* District Attorney, and *Terrence P. McCarthy* and *Daniel J. Greco,* Deputy District Attorneys, Washoe County, for Appellant.

*Michael R. Specchio,* Public Defender, *John Reese Petty,* Chief Deputy Public Defender, and *Vaun B. Hall,* Deputy Public Defender, Washoe County, for Respondent.

Before SHEARING, AGOSTI and ROSE, JJ.

## OPINION

*Per Curiam:*

### SUMMARY

This case presents the issue of what constitutes "discovery" of a sexual crime against a child "committed in a secret manner" for purposes of triggering the criminal statute of limitations contained at NRS 171.095(1)(a). We conclude that "discovery" of a crime occurs when any person other than the wrongdoer (or someone acting in pari delicto with the wrongdoer) has knowledge of the act and its criminal nature, unless the person with knowledge: (1) fails to report out of fear induced by threats made by the wrongdoer or by anyone acting in pari delicto with the wrongdoer; or (2) is a child-victim under eighteen years of age who fails to report for the reasons discussed in *Walstrom v. State.*[1]

### FACTS

On December 17, 1998, the State filed a criminal complaint against Gregory Lynn Quinn ("Gregory") for committing acts of

---

[1]104 Nev. 51, 752 P.2d 225 (1988), *overruled on other grounds by Hubbard v. State,* 110 Nev. 671, 877 P.2d 519 (1994).

lewdness and exposing himself to his stepdaughter on numerous occasions between January 1, 1993, and December 12, 1996. The information that was ultimately filed against Gregory charged him with two counts of lewdness with a child under the age of fourteen years, a felony, and four counts of indecent exposure, a gross misdemeanor.

Shortly before trial, Gregory filed a motion to dismiss all of the indecent exposure charges because they were filed after the two-year limitation period for prosecuting gross misdemeanors had run. The district court then conducted a hearing on the matter.

At the hearing, the district court heard Gregory's offer of proof that the child told her mother, Christine Quinn ("Christine"), of Gregory's activities on December 12, 1996[2]—just over two years prior to the filing of the complaint. The district court also heard evidence that on this same day, Christine informed her pastor about her child's allegations. In its written order, however, the district court accepted only the offer of proof that Christine was informed at this time and made no mention of the pastor. Therefore, there has been no factual finding regarding the pastor and whether he knew of the crime on December 12, 1996. Accordingly, Gregory argued that NRS 171.095(1)(a), which provides that the two-year limitation period for prosecuting gross misdemeanors committed in secrecy begins to run at the time of a crime's "discovery," barred prosecution of the indecent exposure claims.

The State, on the other hand, presented evidence that the child first reported the crimes to law enforcement authorities on November 2, 1998—just two months before the criminal complaint was filed. In contrast to Gregory's position, the State argued that the crimes were not "discovered" for purposes of NRS 171.095(1)(a) purposes until the child reported the incidents to law enforcement authorities. Accordingly, the State argued that Gregory's prosecution was not barred by the limitation period and urged the district court to deny his motion.

The court ultimately ruled in favor of Gregory and found that although the alleged instances of indecent exposure were committed in secrecy, they were " 'discover[ed]' within the meaning of NRS 171.095(1)(a) when the child reported the allegations to her mother."

The State now appeals the order.

---

[2]Defense counsel made it clear that it was likely that the child made earlier reports to Christine about Gregory's indecent exposure, but accepted this date as the latest possible date such disclosure was made. Because an earlier reporting date would not change the analysis, we will use December 12, 1996, as the date on which the child told Christine of Gregory's activities.

## DISCUSSION

### I. The underlying statutes

This court has consistently held that with respect to limitation periods and tolling statutes, the statutes in effect at the time of the offense control.[3] Therefore, the relevant statutes in this matter are those that were in effect from January 1, 1993, to December 12, 1996. During this time, NRS 201.220(1) provided that indecent exposure was a gross misdemeanor for the first offense, and a felony for subsequent offenses.[4] For gross misdemeanors, the relevant period of limitations in which the State could file a charging document was two years.[5]

Although NRS 171.095 was amended on October 31, 1993, that portion of the statute which is relevant to this matter was not materially altered. Specifically, NRS 171.095(1)(a) provided:

> If a felony, gross misdemeanor or misdemeanor is committed in a secret manner, an indictment for the offense must be found, or an information or complaint filed, within the periods of limitation prescribed in NRS 171.085 and 171.090 *after the discovery of the offense* unless a longer period is allowed by paragraph (b).[6]

Paragraph (b) of NRS 171.095(1) then provided for longer tolling periods if the offense constituted "sexual abuse of a child, as defined in NRS 432B.100."[7] Importantly, these extended tolling periods do not apply to the facts of this case because indecent exposure was not included among those offenses constituting sexual abuse under NRS 432B.100.

### II. Principles of statutory construction

The parties ask us to construe the meaning of "discovery" as the term is used in NRS 171.095(1). The construction of a statute is a question of law that we review independently.[8]

---

[3]*See, e.g., Houtz v. State,* 111 Nev. 457, 461, 893 P.2d 355, 357 (1995); *Walstrom,* 104 Nev. at 53, 752 P.2d at 227.

[4]*See* NRS 201.220(1) (1991).

[5]*See* NRS 171.090(1) (1991).

[6](Emphasis added.) In the pre-amendment version of the statute, the emphasized language was identical but appeared in a different subsection. *See* NRS 171.095(1) (1991) (amended 1993).

[7]*See* NRS 432B.100 (1991) (amended 1997) (listing only incest, lewdness, annoyance or molestation, sado-masochistic abuse, sexual assault, statutory sexual seduction, and open or gross lewdness as crimes constituting "sexual abuse" of a child).

[8]*Anthony Lee R., A Minor v. State,* 113 Nev. 1406, 1414, 952 P.2d 1, 6 (1997).

When construing a statute, we first inquire whether an ambiguity exists in the language of the statute. If the words of the statute have a definite and ordinary meaning, this court will not look beyond the plain language of the statute, unless it is clear that this meaning was not intended.[9] In this case, an ambiguity clearly exists because the statute does not specify by whom the crime must be discovered, and is thus open to several interpretations.

If a statute is ambiguous, we then focus on the intent of the legislature, which is discernible through an examination of "the context and spirit of the statute in question, together with the subject matter and policy involved."[10] Our interpretation "should be in line with what reason and public policy would indicate the legislature intended, and should avoid absurd results."[11]

Our interpretation is also guided by the applicable interpretive canon which requires that exemptions to criminal statutes of limitations be narrowly construed and read in the light most favorable to the accused and by our prior case law.[12]

### III.   The meaning of "discovery" as used in NRS 171.095(1)

Although the precise issue we are considering here is one of first impression, our prior case law interpreting other aspects of NRS 171.095 is highly instructive.[13] Beginning in 1988 with *Walstrom v. State,*[14] this court addressed the "secret manner"

---

[9]*See State v. State, Employees Assoc.,* 102 Nev. 287, 289, 720 P.2d 697, 698 (1986) ("When a statute uses words which have a definite and plain meaning, the words will retain that meaning unless it clearly appears that such meaning was not so intended.").

[10]*Gallagher v. City of Las Vegas,* 114 Nev. 595, 599-600, 959 P.2d 519, 521 (1998). While legislative histories are often helpful in this regard, no history was available regarding the "discovery" language of NRS 171.095(1)(a) because it was originally added to Nevada's statutes as part of the Criminal Procedure Act of 1911 and has remained materially unchanged ever since.

[11]*Id.*

[12]*See State v. Merolla,* 100 Nev. 461, 464, 686 P.2d 244, 246 (1984) (holding that criminal statutes of limitation should be construed in favor of the accused); *Grotts v. Zahner,* 115 Nev. 339, 342, 989 P.2d 415, 417 (1999) (ROSE, J., dissenting) (reviewing principles of stare decisis).

[13]In *Hubbard v. State,* 110 Nev. 671, 877 P.2d 519 (1994), we noted that the sexual crimes involved were "discovered" for purposes of NRS 171.095 by someone who had a duty to report them. In *Hubbard,* however, we did not squarely address the question of what constitutes "discovery." Therefore, any inference that may be drawn from that case is nonbinding dicta.

[14]104 Nev. 51, 752 P.2d 225 (1988), *overruled on other grounds by Hubbard,* 110 Nev. 671, 877 P.2d 519.

tolling provision of NRS 171.095 for crimes involving the sexual abuse or assault of children. In *Walstrom,* the defendant had committed child sexual abuse crimes that went undiscovered for eight years.

Walstrom argued that prosecution for the crimes was barred by the limitation period because the crimes were not committed in a "secret manner." Specifically, Walstrom contended that a crime against a person could not be secret because the crime, by its very nature, involved a victim who remained alive and had knowledge of the criminal act.[15] This court, however, rejected Walstrom's argument and instead focused on the vulnerability of the child-victim and the child's likely reluctance to report the abuse. This reluctance, we noted, often resulted from either the threats or coercive tactics of the perpetrator or from the child's personal fear of not being believed.[16] This court noted that because sexual abuse crimes are inherently repugnant in nature, they are almost always intended to be kept secret.[17] Accordingly, the court concluded that crimes against children, such as lewdness, could be committed in a "secret manner" for purposes of NRS 171.095(1):

> [A] crime is done in a secret manner, under NRS 171.095, when it is committed in a deliberately surreptitious manner that is intended to and does keep all but those committing the crime unaware that an offense has been committed. Therefore normally, if a crime of physical abuse, or a related crime, is committed against a victim who remains alive, it would not be committed in a secret manner under the statute. The victim is aware of the crime and has a responsibility to report it. However, given the inherently vulnerable nature of a child, we conclude that the crime of lewdness with a minor can be committed in a secret manner, even though a victim is involved.[18]

In reaching this conclusion, however, the court recognized that exceptions to criminal statutes of limitations are to be narrowly construed and read in a light most favorable to the accused.[19] Accordingly, it placed the burden of proving that a crime was committed in a secret manner upon the State.[20]

In 1995, the theoretical limitations of the *Walstrom* decision

---

[15]*See id.* at 52-53, 55-56, 752 P.2d at 226, 228.

[16]*See id.*

[17]*Id.* at 57, 752 P.2d at 229.

[18]*Id.* at 56, 752 P.2d at 228.

[19]*Id.* at 53-55, 752 P.2d at 227-28.

[20]*Id.*

were tested in *Houtz v. State*.[21] The victim in *Houtz* was molested as a teenager by his band teacher, but repressed his memories of the events for years. At age twenty-five, a broken relationship triggered recollections of the molestations and the State filed charges against the teacher ten years after the events occurred.[22]

The State argued that because the crime was committed in a secret manner as in *Walstrom*, the limitation period was tolled until the victim revealed the crimes over a decade later. This court, however, rejected this limitless interpretation of *Walstrom* and held that the "secret manner" provisions of NRS 171.095(1) did not toll the limitation period for crimes involving children beyond the victim's eighteenth birthday, the age of majority.[23]

In reaching this decision, the court relied on two principal arguments. First, the court noted that the legislative intent in enacting a statute of limitations is "to protect defendants from the unfairness of prosecution when evidence is stale and witnesses are unavailable."[24] Second, the court noted that the legislature had never included child sexual abuse among those offenses that are not subject to a statute of limitations.[25] Thus, an interpretation that would nullify the statute and theoretically allow for limitless prosecutions would be unreasonable and absurd.[26]

As in *Walstrom* and *Houtz*, our interpretation of the term "discovery" in NRS 171.095 must balance the realities of child sexual abuse crimes against the important fairness interests which underlie criminal statutes of limitation. Accordingly, for purposes of tolling the statute of limitations under the "secret manner" provision of NRS 171.095, discovery occurs when any person—including the victim—other than the wrongdoer (or someone acting in pari delicto with the wrongdoer) has knowledge of the act and its criminal nature, unless the person with knowledge: (1) fails to report out of fear induced by threats made by the wrongdoer or by anyone acting in pari delicto with the wrongdoer; or (2) is a child-victim under eighteen years of age and fails to report for the reasons discussed in *Walstrom*.[27] Under this rule, then, a

---

[21]111 Nev. 457, 893 P.2d 355 (1995).

[22]*Id.* at 457-58, 893 P.2d at 355-56.

[23]*Id.* at 461-62, 893 P.2d at 357-58. *Houtz* also noted that the extended tolling periods provided for in NRS 171.095(2) did not apply because it was not in effect at the time of the crime. *See id.* at 460 n.5, 893 P.2d at 357 n.5.

[24]*Id.* at 461, 893 P.2d at 357-58.

[25]*Id.* at 461-62, 893 P.2d at 358.

[26]*See id.* at 461, 893 P.2d at 358.

[27]This rule is substantially similar to the one announced in *State v. Day*, 882 P.2d 1096 (Okla. Crim. App. 1994).

crime can remain undiscovered even if multiple persons know about it so long as the silence is induced by the wrongdoer's threats.

This approach is highly consistent with our decisions in *Walstrom* and *Houtz*. By applying the secret manner exception to crimes involving children, *Walstrom* recognized the realities of child abuse crimes and the silence that may be induced. Similarly, our approach here realistically recognizes that a wrongdoer can perpetrate a secret crime by threatening anyone with knowledge to remain silent about a crime and prevents the wrongdoer from unfairly manipulating the statute of limitations to his advantage. Further, by broadly defining ''discovery'' to include all those with knowledge of the act and its criminal nature, our approach is consistent with the fairness principles advanced in *Houtz,* which recognizes the legislature's intent in enacting criminal statutes of limitations, and our interpretative canon requiring criminal statutes of limitation to be construed narrowly.

## CONCLUSION

We conclude that for purposes of the ''secret manner'' provisions of NRS 171.095, ''discovery'' occurs when any person other than the wrongdoer (or someone acting in pari delicto with the wrongdoer) has knowledge of the act and its criminal nature, unless the person with knowledge: (1) fails to report out of fear induced by threats made by the wrongdoer or by anyone acting in pari delicto with the wrongdoer; or (2) is a child-victim under eighteen years of age and fails to report for the reasons discussed in *Walstrom.*

In this case, it remains unsettled as to whether Christine was induced into silence out of fear induced by Gregory and whether Christine's pastor had knowledge of the events at a time that would bar prosecution. Accordingly, we reverse and remand this matter to the district court for further proceedings consistent with this opinion.

SHEARING, J., concurring:

I agree that this case should be remanded for certain factual determinations, but I disagree with the majority's analysis and conclusion as to when a crime committed against a child in a secret manner is ''discovered'' for purposes of the statute of limitations.

I agree with the majority that NRS 171.095(1)(a) is ambiguous as to when a crime committed in a secret manner is ''discovered,'' and that we must, therefore, focus on the intent of the Legislature, which is discernible through an examination of the ''the context

and spirit of the statute in question, together with the subject matter and policy involved."[1]

I also agree with the majority that our interpretation of the term "discovery" must balance the reality of the circumstances surrounding crimes against children against the important fairness interests of the defendant/accused which underlie criminal statutes of limitations. It is not fair to subject a person to criminal liability indefinitely with virtually no time limit. On the other hand, neither is it fair to impose upon an already traumatized and susceptible child the burden of reporting to authorities an embarrassing and traumatic event. This court recognized these principles in *Walstrom v. State*[2] and *Houtz v. State*.[3] But these cases did not resolve the question of when a crime committed against a child in a secret manner is deemed to be discovered.

The majority concludes that discovery of the crime occurred in this case when the child told her mother, unless her mother failed to report "out of fear induced by the wrongdoer." I believe that this standard reflects neither the reality of the circumstances surrounding crimes against children, especially crimes of a sexual nature, nor the policies established by the Legislature.

One of the realities of crimes against children is that parents very often do not believe their children when they report crimes of a sexual nature committed against them. The parent often either chooses to believe the perpetrator or condones the perpetrator's actions for a variety of reasons other than fear induced by the wrongdoer, such as economic, social or psychological dependence. This is particularly the case in situations such as this, where the alleged perpetrator is the spouse of the parent to whom the child reports.

In NRS 432B.220, the Legislature established the policy that certain responsible adults, not including parents, are required to report known or suspected child abuse or neglect to either a law enforcement agency or child protective services.[4] I would hold that a secret crime against children is "discovered" when a person who is required under NRS 432B.220 to report the abuse to the authorities knows or has reasonable cause to believe that abuse has been committed, not when persons who have no legal duty to report the abuse have knowledge.[5]

---

[1]*Gallagher v. City of Las Vegas,* 114 Nev. 595, 599, 959 P.2d 519, 521 (1998).

[2]104 Nev. 51, 752 P.2d 225 (1988).

[3]111 Nev. 457, 893 P.2d 355 (1995).

[4]Under NRS 432B.220, people who are required to report include, among others, medical professionals, hospital personnel, social workers, teachers, counselors and law enforcement personnel.

[5]This is also the rule adopted by the Ohio Supreme Court in *State v. Hensley,* 571 N.E.2d 711 (Ohio 1991).

The evidence in this case indicates that the child-victim reported the abuse to her mother on December 12, 1996, and on the same day the mother told her pastor. NRS 432B.220(3)(d) provides that a "clergyman, practitioner of Christian Science or religious healer, unless he has acquired the knowledge of the abuse or neglect from the offender during a confession" is required to report the abuse or neglect to law enforcement or child protective services. Thus, it appears that the pastor was a required reporter and the disclosure to him occurred more than two years before the criminal complaint was filed. However, since there was no finding by the trial court on the issue of when the pastor was told and whether the pastor actually falls within the statute as a required reporter, I would remand the case for this factual determination.