*126 OPINION
By the Court,
Douglas, J.:
Appellant Clarence James Dozier appeals from an order of the district court denying his post-conviction petition for a writ of habeas corpus. In his petition, Dozier contended, among other things, that his trial counsel was ineffective for failing to challenge a jury instruction providing that the State had the burden to prove by a preponderance of the evidence that some of the charges at issue were committed in a secret manner and were therefore not barred by the statute of limitations. In addressing the district court’s decision rejecting this claim, we now clarify our prior precedent[2] and conclude that when a defendant is charged with a criminal offense and affirmatively raises a statute-of-limitations defense, if the State seeks to disprove that defense under NRS 171.095(l)(a) by showing that the offense was committed in a secret manner, the State must do so by a preponderance of the evidence. Accordingly, the district court did not err in rejecting Dozier’s claim of ineffective assistance, and we affirm the district court’s denial of Dozier’s petition.[3]

FACTS

On November 15, 2000, Dozier surreptitiously sedated his ex-girlfriend and then videotaped himself performing sexual acts with her as she lay unconscious. The woman awoke to discover Dozier videotaping her and called 911. When the police arrived, they found her “confused, disoriented, very groggy,” and “certainly drugged with something.” After waiving his rights pursuant to Miranda,[4] Dozier agreed to talk to the police, denied that he had videotaped his ex-girlfriend, and signed a written consent form authorizing a search of his truck.
In Dozier’s truck, officers found a videotape hidden underneath the driver’s seat and a canister with residue from the sleeping medication triazolam. The videotape depicted scenes of Dozier engaged in sexual contact with his unconscious and unresponsive ex-girlfriend, as well as similar scenes of Dozier engaged in sexual contact with another unidentified, unconscious woman. Outside the house, officers found a backpack that contained Polaroid pictures depicting the crime, two tubes of lubricant jelly, a prescription pill *127 bottle containing twelve triazolam sleeping pills, and a bra belonging to Dozier’s ex-girlfriend.
After Dozier’s arrest, television news media aired a segment about the videotape and the unidentified female it depicted. Dozier’s ex-wife saw the news clip and contacted the police, believing that she might be the unidentified woman. Although the ex-wife adamantly maintained that she never knowingly had sex with Dozier after their divorce, she suspected that he may have drugged her once when she was staying at his house.
Dozier’s ex-wife viewed the videotape at the district attorney’s office and confirmed that she was the woman on the tape. She later testified at Dozier’s trial that she did not consent to or have knowledge of the various acts. She approximated the year of each incident depicted on the videotape based on her identification of the locations and her appearance. She testified that the three videotaped scenes occurred (1) between May 1993 and January 1995, while she was married to and living with Dozier; (2) between January 1995 and December 1997, after she left him and filed for a divorce; and (3) during the spring of 1998.
The State subsequently filed an amended information charging Dozier with a total of 27 felony counts. Eight of the counts involved the incident concerning his ex-girlfriend and included one count of first-degree kidnapping, one count of administration of a controlled substance to aid in the commission of a felony, and six counts of sexual assault. The remaining counts charged 19 separate incidents of sexual assault involving his ex-wife.
Prior to trial, Dozier filed a motion to dismiss, arguing that all 19 counts involving his ex-wife were barred by the four-year statute of limitations defined in NRS 171.085. The State argued that under NRS 171.095, the statute of limitations was tolled because Dozier committed the sexual assaults in a secret manner. The district court denied Dozier’s motion, finding that he appeared to have concealed the assaults from his ex-wife and that it was a question for the jury. The district court later instructed the jury that, in order to toll the statute of limitations, the prosecutor needed only to prove by a preponderance of the evidence that Dozier committed the acts in a secret manner.
At trial, Dozier testified that his sexual contact with both women was consensual. He explained that he and the women would sometimes wake each other up with sex and that the women seemed unresponsive because they had voluntarily taken some form of medication or drug. Dozier admitted that it was wrong to videotape the women, whom he knew would be angry with him for doing so.
After seven days of testimony, the jury found Dozier guilty of all 27 counts. The district court sentenced Dozier to serve a term of life in the Nevada State Prison with the possibility of parole after *128 five years for the kidnapping count; a consecutive term of 16 to 72 months for the administration of a controlled substance count; and a consecutive term of life with the possibility of parole after ten years for the first sexual assault count, with concurrent life terms for the remaining sexual assault counts.
Dozier appealed, and this court affirmed the judgment of conviction.[5] Dozier then filed a timely proper person post-conviction petition for a writ of habeas corpus in the district court. The district court denied the petition without appointing counsel to represent Dozier and without conducting an evidentiary hearing. This timely appeal followed.

DISCUSSION

In his petition, Dozier claimed that his trial counsel was ineffective for failing to challenge the jury instruction providing that the State only had to prove he committed the sexual offenses in a secret manner by a preponderance of the evidence. We conclude that the district court did not err in rejecting this claim.
In order to establish a claim of ineffective assistance of trial counsel sufficient to invalidate a judgment of conviction, Dozier was required to demonstrate that his counsel’s performance fell below an objective standard of reasonableness and that his counsel’s errors were so severe that they rendered the jury’s verdict unreliable.[6] The court need not address both components of the inquiry if an insufficient showing is made on either one.[7] As discussed below, we conclude that the jury was properly instructed regarding the State’s burden of proof. Therefore, Dozier has failed to demonstrate that any error by counsel rendered the verdict unreliable.
NRS 171.085(1) provides that an indictment, information, or complaint charging the crime of sexual assault must be filed “within 4 years after the commission of the offense.” Under NRS 171.095(l)(a), however, if the crime of sexual assault “is committed in a secret manner,” an indictment, information, or complaint must be filed within four years “after the discovery of the offense.” Thus, NRS 171.095 provides for the tolling of the statute of limitations when certain felonies, including sexual assault, are committed in such a way that prevents or delays discovery.
*129 This court considered the State’s burden of proof on this exception to the statute of limitations in Walstrom v. State.[8] In particular, this court held that the statute of limitations was a ‘ ‘jurisdictional” requirement, and because it did not involve an element of an offense, the State was only required to prove the crime was committed in a secret manner by a preponderance of the evidence, rather than beyond a reasonable doubt.[9] Specifically, this court explained:
The lesser standard is appropriate because proving the application of the exception to the statute is not the same as proving an element of the crime. Proving the exception to the statute of limitations addresses the issue of the court’s jurisdiction; proving an element of the crime concerns the issue of a defendant’s guilt or innocence. The considerations that require proof beyond a reasonable doubt do not apply when the State is merely attempting to prove jurisdiction. Given the difficulty of proving the secret manner exception long after the commission of an offense, we see no sound reason to compound the difficulty by imposing a higher standard upon the State.[10]
Subsequently, in Hubbard v. State (Hubbard II), this court expressly overruled Walstrom’s holding that the statute of limitations was jurisdictional and held instead that the “best reasoned approach is to treat criminal statutes of limitation as non-jurisdictional, affirmative defenses.”[11] But this court did not address in Hubbard II, or in any subsequent decision, whether the preponderance standard approved in Walstrom survives this court’s holding in Hubbard II. We now clarify that despite our holding in Hubbard II that the statute of limitations is an affirmative, non-jurisdictional defense, the State’s burden of proof is still governed by the preponderance of the evidence standard, i.e., the State must prove by a preponderance of the evidence that the statute of limitations was tolled because the charged offense was committed in a secret manner.[12]
*130 In addressing the State’s burden to disprove an affirmative defense that negates an element of a criminal offense, this court has held that the State has the burden to disprove the defense beyond a reasonable doubt.[13] As we explained in Walstrom, however, an affirmative defense asserting that the prosecution is barred by the statute of limitations does not involve an element of the offense implicating the defendant’s guilt or innocence.
There is nonetheless a split of authority among jurisdictions regarding the government’s burden of proof when the statute of limitations is asserted as an affirmative defense. For instance, in Farrar v. State, a Texas appellate court concluded that when some evidence is presented that the prosecution is time-barred and the defendant requests a jury instruction on the statute-of-limitations defense, the State must prove beyond a reasonable doubt that the prosecution is not time-barred.[14] Likewise, the Hawaii Revised Statutes require the State to prove that a criminal prosecution for an offense is not barred by the statute of limitations beyond a reasonable doubt.[15]
In contrast, some jurisdictions have taken the approach that the State is required to defeat a statute-of-limitations defense by a mere preponderance of the evidence. In United States v. Gonsalves, for example, the government appealed from an order dismissing an indictment as barred by the statute of limitations.[16] The government argued that the statute of limitations was tolled during the time that Gonsalves was “ ‘fleeing from justice.’ ”[17] Although the appellate court emphasized that all “ ‘essential elements of the crime’ ” must be proven beyond a reasonable doubt, the court also determined that because a statute-of-limitations defense did not involve the issue of guilt, the government’s burden to disprove such a defense was only by a preponderance of the evidence.[18] The court reasoned that “an eventual guilty verdict is not rendered less reliable simply because the issue of fleeing from justice is determined by a less stringent standard.”[19]
*131 Similarly, in People v. Linder, a California appellate court held that a preponderance of the evidence standard is appropriate when the age of the minor victim tolled the statute of limitations for a sexual offense.[20] In so holding, the court stated that “ ‘the statute of limitations is not an “element” of the offense insofar as the “definition” of criminal conduct is concerned.’ ”[21] Further, “the statute of limitations is not ‘an “element of the offense” in the sense that it defines the actus reus or the mens rea which characterizes the crime.’ ”[22]
We conclude that those jurisdictions that endorse the preponderance standard present the better-reasoned approach. The statute of limitations is not an element of the offense that the State should be required to prove beyond a reasonable doubt. Thus, in this case, the trial court properly instructed the jury on the State’s burden of proof regarding the secret manner in which Dozier committed the sexual offenses involving his ex-wife. Therefore, trial counsel’s failure to object to the instruction was not deficient performance, and the habeas court did not err in denying this claim.

CONCLUSION

We conclude that when a defendant charged with a criminal offense affirmatively raises a statute-of-limitations defense, if the State seeks to disprove that defense by showing that the offense was committed in a secret manner under NRS 171.095(l)(a), the State must do so by a preponderance of the evidence. The district court did not err in rejecting Dozier’s claim that his trial counsel was ineffective for failing to object to the jury instruction to that effect. We have examined Dozier’s other claims of ineffective assistance of counsel and conclude that the district court properly determined that they were without merit. Accordingly, we affirm the order of the district court denying Dozier’s post-conviction petition for a writ of habeas corpus.
Hardesty, Parraguirre and Saitta, JJ., concur.

 Hubbard v. State, 112 Nev. 946, 920 P.2d 991 (1996).

 Having reviewed the record on appeal and for the reasons set forth in this opinion, we conclude that Dozier is not entitled to relief and that briefing and oral argument are unwarranted. See Luckett v. Warden, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

 Miranda v. Arizona, 384 U.S. 436 (1966).

 Dozier v. State, Docket No. 38560 (Order of Affirmance, October 5, 2004).

 Strickland v. Washington, 466 U.S. 668 (1984); accord Warden v. Lyons, 100 Nev. 430, 683 P.2d 504 (1984) (adopting Strickland test).

 Strickland, 466 U.S. at 697.

 104 Nev. 51, 752 P.2d 225 (1988), overruled by Hubbard v. State, 112 Nev. 946, 920 P.2d 991 (1996).

 Id. at 54, 752 P.2d at 227.

 Id. at 54-55, 752 P.2d at 227-28.

 112 Nev. at 948, 920 P.2d at 993.

 Id. at 948, 920 P.2d at 992-93. In our October 5, 2004, order affirming Dozier’s judgment of conviction, we incorrectly stated in footnote 4 that “[w]e need not consider whether our ruling in Walstrom or Hubbard applies to the charges at issue in this case, as the State agreed to accept the higher bur *130 den of proving by a preponderance of the evidence that NRS 171.095(l)(a) was satisfied.” Our statement in this respect was erroneous because the preponderance of the evidence standard is the lowest possible burden.

 See, e.g., Love v. State, 111 Nev. 545, 549, 893 P.2d 376, 379 (1995) (holding that because the procuring agent defense negates an element of the crime, the State is required to disprove agency beyond a reasonable doubt); Barone v. State, 109 Nev. 778, 780-81, 858 P.2d 27, 28-29 (1993) (holding that the State must prove beyond reasonable doubt that the killing was not justified based on self-defense).

 95 S.W.3d 648, 650 (Tex. Ct. App. 2002).

 Haw. Rev. Stat. § 701-114(1)(e) (1993).

 675 F.2d 1050, 1051-52 (9th Cir. 1982).

 Id. at 1052 (quoting 18 U.S.C. § 3290).

 Id. at 1054 (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)).

 Id.

 42 Cal. Rptr. 3d 496 (Ct. App. 2006).

 Id. at 503 (quoting People v. Frazer, 982 P.2d 180, 195 n.22 (Cal. 1999), abrogated by Stogner v. California, 539 U.S. 607, 609-10 (2003)).

 Id. (alteration to original quotation) (quoting People v. Bunn, 61 Cal. Rptr. 2d 734, 738 (Ct. App. 1997)).