# IN THE SUPREME COURT OF THE STATE OF NEVADA

LORI A. SERIGHT POMPEI, AN
INDIVIDUAL,
Appellant,
vs.
BARRY E. CLARKSON, AN
INDIVIDUAL; CLARKSON DRAPER &
BECKSTROM, LLC, A UTAH LIMITED
LIABILITY COMPANY; AND RICHARD
HAWES, INDIVIDUALLY AND AS A
TRUSTEE OF PREMIER PROPERTIES
OF MESQUITE, INC.,
Respondents.

No. 66459

FILED

JUN 2 3 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order granting and denying summary judgment in a corporations and tort action. Eighth Judicial District Court, Clark County; Kathy A. Hardcastle, Judge.

Appellant Lori Seright Pompei is a real estate agent who worked for Premier Properties of Mesquite, Inc. (hereinafter, PPM). Respondent Richard Hawes was a director, officer, and part-owner of PPM. Respondent Barry Clarkson is an attorney and partner in respondent Clarkson Draper & Beckstrom, LLC (hereinafter, CDB).

In 2007, Pompei filed a complaint against PPM for breach of contract and related claims. CDB represented PPM in the matter. Pompei was awarded more than $225,000, including attorney fees and costs. However, Pompei was unable to collect on this judgment because PPM subsequently entered into an asset transfer agreement with CDB, in which PPM transferred all of its assets to a new business entity in order to

pay off its legal fees. Clarkson created, manages, and has an indirect ownership interest in, the new entity.

Pompei then initiated this action against Hawes, Clarkson, and CDB, alleging: (1) breach of fiduciary duties; (2) constructive fraud; (3) civil conspiracy to breach fiduciary duties and commit constructive fraud; (4) aiding and abetting breaches of fiduciary duties and constructive fraud; and (5) negligence, among others. Pompei also asserted a derivative legal malpractice claim against Clarkson and CDB on PPM's behalf.

Respondents moved for summary judgment on all of Pompei's claims. The district court granted the motion with respect to the aforementioned claims, concluding that respondents did not owe Pompei any duty, so her claims for breach of fiduciary duties, constructive fraud, civil conspiracy, aiding and abetting, and negligence failed as a matter of law. The district court further concluded that Pompei lacked standing to bring a derivative claim on PPM's behalf because she was a creditor, not a shareholder. Pompei now appeals, arguing that (1) a creditor has standing to assert a derivative claim on behalf of an insolvent corporation, (2) a corporation's directors and attorneys owe the corporation's creditors fiduciary duties, and (3) several of the district court's findings of fact were erroneous.

We hold that the district court correctly concluded that Pompei does not have standing to assert a derivative claim on behalf of PPM, and that the respondents did not owe any fiduciary duties to Pompei. Therefore, we affirm the district court's order.

*Whether a creditor has standing to assert a derivative claim on behalf of an insolvent corporation*

Pompei argues that a creditor of an insolvent corporation has standing to assert a derivative claim on behalf of the corporation. This court has never held that creditors may assert such actions in equity, and the Legislature has not empowered creditors to bring such actions by law.[1] The parties dispute whether NRCP 23.1 prohibits a creditor from asserting a derivative claim.[2] We note that, although we have never addressed the issue, federal courts interpreting FRCP 23.1 have largely held that creditors do not have standing to assert a derivative claim.[3] *Exec. Mgmt., Ltd. v. Ticor Title Ins. Co.*, 118 Nev. 46, 53, 38 P.3d 872, 876

---

[1]*Cf.* NRS 41.520 (recognizing a shareholder's right to assert a derivative claim on behalf of a corporation); NRS 86.483, 86.485 (recognizing a member's right to assert a derivative claim on behalf of a limited-liability company); NRS 87A.665, 87A.670, NRS 88.610, 88.615 (recognizing a partner's right to assert a derivative claim on behalf of a limited partnership).

[2]NRCP 23.1 provides, in relevant part:

> In a derivative action brought by one or more shareholders or members to enforce a right of a corporation . . . , the complaint shall be verified and shall allege that the plaintiff was a shareholder or member at the time of the transaction of which the plaintiff complains . . . .

[3]FRCP 23.1(a) provides, in relevant part:

> This rule applies when one or more shareholders or members of a corporation or an unincorporated association bring a derivative action to enforce a right that the corporation or association may properly assert but has failed to enforce.

(2002) (stating that federal cases interpreting the Federal Rules of Civil Procedure are strong persuasive authority in interpreting the Nevada Rules of Civil Procedure); *see Darrow v. Southdown, Inc.*, 574 F.2d 1333, 1337 (5th Cir. 1978) (stating a contract creditor has "no ownership interest and therefore no derivative standing"); *Kusner v. First Pa. Corp.*, 395 F. Supp. 276, 281-82, 287 (E.D. Pa. 1975), *rev'd in part on other grounds*, 531 F.2d 1234, 1236-37 (3d Cir. 1976) (holding a creditor lacked standing because its interest, although financially substantial, was "clearly non-proprietary"); *Dodge v. First Wis. Trust Co.*, 394 F. Supp. 1124, 1127 (E.D. Wis. 1975) (holding a creditor lacked standing to bring a derivative suit); *Brooks v. Weiser*, 57 F.R.D. 491, 493-95 (S.D.N.Y. 1972) (same); *but see Bank of Am., N.A. v. Knight*, 725 F.3d 815, 818 (7th Cir. 2013) (stating in dicta that "a creditor can't recover on behalf of a corporate borrower without using the form of a derivative suit").

However, we need not decide whether NRCP 23.1 prohibits a creditor from asserting a derivative claim, for even if it does not, we decline to grant creditors an unqualified right to assert derivative claims on behalf of insolvent corporations. Procedural safeguards typically accompany derivative actions to further ensure the party bringing the claim will adequately represent the corporation's interests.[4] The parties

---

[4]For example, the "contemporaneous ownership" requirement generally requires the plaintiff to be a shareholder at the time of the transaction alleged in the complaint. *See* NRS 41.520(2); NRCP 23.1; Deborah A. Demott & David F. Cavers, *Shareholder Derivative Actions: Law and Practice* § 4:3 (2015). The "continuing ownership" requirement generally requires the plaintiff to maintain his or her proprietary interest throughout the pendency of the suit. *See Keever v. Jewelry Mountain Mines, Inc.*, 100 Nev. 576, 577-78, 688 P.2d 317, 317 (1984); Demott & Cavers, *supra*, § 4:3. And the "demand" requirement generally requires
*continued on next page...*

have not discussed (1) to what extent these requirements (or modifications thereof) would apply in the context of creditor derivative suits; (2) if additional requirements may be necessary to ensure a corporation's interests are adequately represented by a party with a non-proprietary interest; and (3) whether granting creditors such a right in the corporate context would have implications as to other business entities, and if so, whether that would be desirable.[5]

Therefore, we believe this is an issue that the Legislature should address in the first instance. *See Renown Health, Inc. v. Vanderford*, 126 Nev. 221, 225, 235 P.3d 614, 616 (2010) ("This court may refuse to decide an issue if it involves policy questions better left to the Legislature."). As such, we decline to recognize a creditor's right to assert a derivative claim at this time.

*Whether an insolvent corporation's directors and attorneys owe fiduciary duties to the corporation's creditors*

Pompei argues that the directors of an insolvent corporation owe fiduciary duties to the corporation's creditors. However, this court has never held as much. Indeed, we have held that "the [fiduciary] duty of loyalty requires . . . directors to maintain, in good faith, *the corporation's*

---

*...continued*
the plaintiff to attempt to seek redress through the corporation's directors or shareholders before bringing a derivative action unless such an attempt would be futile. *Shoen v. SAC Holding Corp.*, 122 Nev. 621, 633, 137 P.3d 1171, 1179 (2006); Demott & Cavers, *supra*, § 4:2.

[5]To the extent it is suggested that NRCP 23.1 permits a creditor to bring a derivative suit without having to abide by any procedural protections, we reject such an interpretation. *See State v. Quinn*, 117 Nev. 709, 713, 30 P.3d 1117, 1120 (2001) (stating statutes should be interpreted so as to avoid absurd results).

*and its shareholders' best interests over anyone else's interests."* *Shoen*, 122 Nev. at 632, 137 P.3d at 1178 (emphasis added). In addition, imposing such a duty on directors would create an impermissible conflict of interest, because the interests of shareholders and creditors often diverge. *See* Laura Lin, *Shift of Fiduciary Duty Upon Corporate Insolvency: Proper Scope of Directors' Duty to Creditors*, 46 Vand. L. Rev. 1485, 1488 (1993). For example, when a corporation is insolvent, shareholders may be more inclined to pursue riskier business ventures than creditors, who may want to avoid such risks to ensure the corporation's assets are not further depleted. *Id.* at 1489. Furthermore, this conflict of interest would compromise a director's ability to fulfill his fiduciary duties to the corporation itself by limiting his "freedom to engage in vigorous, good faith negotiations with individual creditors for the benefit of the corporation." *N. Am. Catholic Educ. Programming Found., Inc. v. Gheewalla*, 930 A.2d 92, 103 (Del. 2007).[6]

Nor did PPM's attorneys owe Pompei direct fiduciary duties. Pompei argues that Clarkson and CDB directly owed her fiduciary duties because: (1) as a director of PPM, Hawes held PPM's assets in trust for its creditors upon insolvency and dissolution; (2) as a creditor, Pompei was a beneficiary of the trust; and (3) Clarkson and CDB represented Hawes in

---

[6]To the extent Pompei argues that Nevada's dissolution statutes imposed on Hawes a direct fiduciary duty to her, we reject this argument. Even assuming Hawes was a director at the time of the asset transfer, Hawes was not a "trustee" under NRS 78.590 at the time of the asset transfer, because a director only becomes "trustee" *"upon the dissolution"* of the corporation, which occurs "at the time of the filing of the certificate of dissolution." NRS 78.580(5); NRS 78.590(1) (emphasis added); *Quinn*, 117 Nev. at 713, 30 P.3d at 1120 (stating an unambiguous statute must be given its plain meaning).

his capacity as trustee. Although Pompei contends that "an attorney [who] represents a trustee in his or her capacity as trustee . . . assumes a duty of care and fiduciary duties toward the beneficiaries as a matter of law," *Charleson v. Hardesty*, 108 Nev. 878, 882-83, 839 P.2d 1303, 1306-07 (1992), in 2011, the Legislature enacted NRS 162.310, which states that "[a]n attorney who represents a fiduciary does not, solely as a result of such attorney-client relationship, assume a corresponding duty of care or other fiduciary duty to a principal," and we have also held that directors "are not trustees of a trust in terms of the law of trusts," *Canarelli v. Eighth Judicial Dist. Court*, 127 Nev. 808, 815, 265 P.3d 673, 678 (2011). Furthermore, even if Hawes were a trustee in the sense Pompei argues, Pompei has presented no evidence that Clarkson or CDB represented Hawes as trustee. *See Waid v. Eighth Judicial Dist. Court*, 121 Nev. 605, 611, 119 P.3d 1219, 1223 (2005) (stating "a lawyer representing a corporate entity represents only the entity, not its officers, directors, or shareholders"). Therefore, the mere fact that Clarkson and CDB represented PPM did not impose on Clarkson or CDB direct fiduciary duties to PPM's creditors.

Based on the foregoing, we conclude that Pompei did not have standing to assert a derivative claim, and the respondents did not owe Pompei any fiduciary duties. Having so held, Pompei's argument that several of the district court's findings of fact were erroneous is rendered moot, as Pompei's claims fail as a matter of law. *See Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005) ("Summary judgment is appropriate and shall be rendered forthwith when the pleadings and other evidence on file demonstrate that no genuine issue as to any material fact [remains] and that the moving party is entitled to a

judgment as a matter of law.") (alteration in original) (internal quotation marks omitted). Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, C.J.
Parraguirre

_____, J.
Douglas

_____, J.
Cherry

cc:     Chief Judge, The Eighth Judicial District Court
        Hon. Kathy A. Hardcastle, Senior Judge
        Bingham Snow & Caldwell
        Laxalt & Nomura, Ltd./Reno
        Richard Hawes
        Eighth District Court Clerk